M. Wharton YOUNG, Appellant,

v.

ALBERT PICK HOTELS, a corporation, Appellee.

No. 17250.

United States Court of Appeals District of Columbia Circuit.

Argued April 9, 1963.

Decided May 29, 1963.

Mr. James J. Laughlin, Washington, D. C., for appellant.

Mr. Peter R. Cella, Jr., Washington, D. C., with whom Messrs. Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before BAZELON, Chief Judge, MAGRUDER, Senior Circuit Judge for the First Circuit,* and FAHY, Circuit Judge.

MAGRUDER, Senior Circuit Judge.

The complaint charges that the plaintiff, a citizen of the District of Columbia but temporarily resident in India, was

* Sitting by designation pursuant to Section 294(d), Title 28, U.S.Code.

invited to give a lecture before a scientific convention at the Pick-Congress Hotel in Chicago, Illinois; that he had duly reserved a room accommodation at the said hotel but that when he arrived there he was denied such accommodation because of his color. It was alleged that appellant was even denied the use of the toilet facilities in the hotel, which he had requested in order to prepare for the lecture. As a result of the defendant's breach of its contract, the plaintiff suffered damages by way of embarrassment and mental distress before his colleagues. In the complaint it was alleged also that plaintiff's baggage was checked at the Pick-Congress Hotel, that it contained scientific notes and slides which were to be used in the lecture, and that the defendant through "negligence" had lost such baggage. None of the clothing and articles of personal property was returned to the plaintiff.

The caption in the complaint describes the defendant as "Albert Pick Hotels a corporation Pick-Lee House 15th & L Streets, N. W. Washington, D. C." The motion to quash the service stated that Pick-Lee House, a corporation organized under the laws of the State of Delaware and known as Lee House, Inc., "named as a defendant in the above entitled cause," appeared specially and moved through its counsel for the quashing of the service of process which had been made upon the assistant manager of the Pick-Lee House, 15th and L Streets, N. W., Washington, D. C. Accompanying the motion were two affidavits, one filed by Morrison Worthington, who described himself as the secretary of the Central Hotel Company and assistant secretary of the Pick-Congress Corporation which operated the defendant hotel as the lessee of the Central Hotel Company. He affirmed that Lee House, Inc., a Delaware corporation, doing business as the Pick-Lee House, 15th and L Streets, N. W., in the District of Columbia, "is not a subsidiary or parent corporation of Pick-Congress Corporation, the corporation which operates the Pick-Congress Hotel in Chicago, Illinois". The Pick-Congress Corporation

is an Illinois corporation. According to the complaint, the activities violating the plaintiff's right took place in Chicago, Illinois.

The second affidavit was filed by the manager of the Pick-Lee House in Washington, D. C., who affirmed that Pick-Lee House in Washington, D. C., is owned by "Lee House, Inc., a Delaware Corporation, by whom I am employed, and that in my capacity as Manager I have no authority of any kind to act as an agent for the corporation known as Lee House, Inc., for the acceptance of service of process, for it, or for any other corporation," nor has the assistant manager, Mr. Richard Frank, any such authority.

■■ If in fact the defendant was "doing business" in the District of Columbia, it would not matter, as stated in Mr. Worthington's affidavit, that Pick-Lee House, Washington, D. C., is neither a subsidiary nor a parent corporation of the Pick-Congress Corporation. Nor does it matter, as stated in the other affidavit, that neither the manager nor the assistant manager of the Pick-Lee House in Washington, D. C., has the authority to accept service for the Illinois corporation. Service upon a sufficiently representative member of the defendant corporation doing business within the District of Columbia would be an adequate service. See St. Louis Southwestern R. Co. of Texas v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486 (1913). But service upon the assistant manager of the Washington hotel would not be adequate service. As was pointed out by the appellee to the court below, service of process has been "attempted upon the wrong party"; hence the service of process was asked to be quashed. But the Pick-Lee House, a Delaware corporation, was not named as the party defendant in the case and therefore had no standing as a party to make such a motion.

■ Appellant introduced no evidence at all to support the jurisdiction or to contradict what was said in the affida-

vits. His counsel argues that the court below had before it, and we are asked, erroneously, to take judicial notice, that at the time appellant made his reservation an advertisement appeared in the Washington classified telephone directory which stated that reservations could be made at all the Albert Pick Hotels in the country, including the Pick-Congress Hotel in Chicago, Illinois, by a phone call directed to 15th and L Streets, N. W., the "Washington sales office" of the Albert Pick Hotels. It is said in appellant's brief but not otherwise in the record that "after the appellant had his tragic experience the advertising in the local telephone directory was modified and diluted."

█ We think appellant should have introduced this advertisement in the evidence, showing that the named defendant consented to its insertion. If this is true, there would be evidence in the record tending to show that the Illinois corporation is "doing business" in Washington, D. C., in such manner as to render its subject to service of process, at least in respect to obligations arising out of the actions of its salesmen in the District of Columbia. The complaint is silent upon whether the contract with the Illinois corporation was made through the "Washington sales office" or not. See International Shoe Co. v. State of Washington, 326 U.S. 310, 321, 66 S.Ct. 154, 90 L.Ed. 95 (1945); W. H. Elliott & Sons Co., Inc. v. Nuodex Products Co., Inc., 243 F.2d 116, 122 (C.A.1st, 1957) (concurring opinion). In view of the lack of standing of the Pick-Lee House, Inc., a Delaware corporation, to make the motion to quash as a party, we have concluded that appellant should be allowed to introduce evidence to this effect.

A judgment will be entered reversing the order of the District Court quashing the service in this case, and remanding the case to that Court for further proceedings not inconsistent with this opinion.