**M. Wharton YOUNG, Appellant,**

**v.**

**PICK HOTELS–WASHINGTON CORPORATION et al., Appellees.**

**No. 21794.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 9, 1968.

Decided May 19, 1969.

Petition for Rehearing Denied June 18, 1969.

———◇———

Mr. William J. Garber, Washington, D. C., for appellant.

Mr. Richard W. Galiher, Washington, D. C., for appellees.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and BURGER, Circuit Judge.

PER CURIAM:

The plaintiff-appellant claims that in March 1961 the Pick-Congress Hotel in Chicago discriminated against him be-

cause of his color and, in the same incident, negligently lost his luggage. He has ever since sought someone to sue. His first complaint, filed in 1962, named the "Albert Pick Hotels," a hotel chain which the Pick-Congress Hotel was advertised as a member of in the 1960 edition of the District of Columbia classified telephone directory. Service was made upon the assistant manager of the Pick-Lee House, another member of the chain, which was and is located in the District.

In 1963 this Court reversed an order of the district court quashing this service of process. Young v. Albert Pick Hotels, 115 U.S.App.D.C. 400, 320 F.2d 719 (1963). Although we agreed that service was attempted "upon the wrong party," we concluded that Lee House, Inc., a Delaware Corporation which operated the Pick-Lee House, had no standing to move that the service of process be quashed since it was not named as a party defendant. At the same time, we remanded the case to allow the plaintiff to show that the "named defendant" was doing business in the District of Columbia, and hence was amenable to process.

The plaintiff introduced the telephone directory advertisement as evidence in the remand proceedings. During these proceedings, the joint efforts of counsel and court to decipher the relationship, if any, between the Pick-Lee House and the Pick-Congress Hotel in Chicago gradually revealed that each hotel in the Albert Pick chain was separately owned and incorporated, while a management corporation variously identified as the Albert Pick Hotels Corporation and the Pick Hotels Corporation provided various services to the associated hotels, among which was the processing of out-of-town reservations. The management corporation maintained a sales office at the Pick-Lee House in Washington, but this office was independent in personnel and operation from the management of the hotel itself.

The district court again quashed the service of process at the close of the remand proceedings. This Court affirmed on the ground that although we "assume arguendo that defendant could be served with process in this jurisdiction, the Assistant Manager of Pick-Lee House, the person attempted to be served, was not an employee of defendant; nor does the evidence show that he or the Pick-Lee House was an agent of defendant upon whom service binding upon defendant could be made." Young v. Albert Pick Hotels, 126 U.S.App.D.C. 155, 375 F.2d 331 (1967).

The plaintiff then attempted to serve process upon the auditor of the management corporation. The defendant moved to quash the attempted service upon the ground that the auditor was employed by the Pick Hotels Corporation, and that there was in fact no such entity as the Albert Pick Hotels Corporation. The district court granted the motion, and its order was not appealed.

Instead, in July 1967 the plaintiff attempted to amend his complaint to name as defendants the Pick Hotels Corporation and Lee House, Inc. (the operator of the Pick-Lee House in Washington). The defendants newly-named filed a motion to dismiss the complaint on the ground that the plaintiff ought not to be allowed to avoid the three-year statute of limitations on his claim by adding new parties. The district court dismissed the complaint.

The parties have argued this appeal in terms of Rule 15(c) of the Federal Rules of Civil Procedure, which as amended in 1966 provides

> Whenever the claim or defense asserted in the amended pleading arose out of the same conduct, transaction or occurrence set forth * * * in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1)

has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. * * *

The original complaint of April 1962 referred to the Albert Pick Hotels as the owner of the Pick-Congress Hotel; the claims asserted therein rested upon the conduct of the operators of that hotel in refusing to provide accommodations for the plaintiff and negligently losing his luggage.

Insofar as this claim is concerned, the proper defendant would be the Pick-Congress Corporation, which operates the Chicago hotel. That corporation, however, has never been named as a defendant in these drawn out proceedings. The plaintiff might also have a claim for relief for at least the damages flowing from the refusal to provide accommodations against the management corporation through which he made his reservations. In his original complaint, however, the plaintiff merely alleged generally that "he reserved accommodations at the defendant's hotel in Chicago and the Pick Congress Hotel verified said reservation." It was only in his second-amended complaint, which was filed in August 1964 after the statute of limitation had expired, that the plaintiff alleged in detail that his reservations had been made through "the Washington representative of the defendant corporation."

There thus are two transactions which might be critical to this case: the making of the reservation which was dishonored, and the actual refusal to provide accommodations. We think a fair reading of the original complaint indicates that the plaintiff's claim for relief, as then phrased, referred to the second occurrence. Since this is so, the latest complaint filed in July 1967 does not meet the first requirement of Rule 15(c). The defendants named therein are the management corporation and the corporation which operates the Pick-Lee House in Washington. The only possible claim against either of these defendants would relate to the dishonored reservations. But the transaction relevant to that complaint—the making of the reservations—was not sufficiently delineated in the original complaint for us to conclude that the 1967 claims of the latest complaint "arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading. * * *"

We therefore do not need to determine whether the remaining requirements of Rule 15(c) are met, or whether, if so, the plaintiff could avoid the consequences of his original defective service of process through the device of an amended complaint.

Affirmed.

FAHY, Senior Circuit Judge (dissenting):

It may well be true, as the opinion of the court states, that insofar as Mr. Young's claim is concerned the proper defendant would be the Pick-Congress Corporation which operates the Chicago hotel, and which never has been named a defendant in these proceedings. If so it is a matter for appellees to raise in defense on the merits in this action against them. The District Court, however, did not reach the merits, or the question of the sufficiency of the complaint to state a cause of action on the merits. The court dismissed the complaint on the theory the statute of limitations barred the amended complaint against appellees. As appellees state in their brief, the "question is whether the lower Court properly dismissed an action because it was not filed within the time permitted by the Statute of Limitations." The question then is not whether the Chicago company is the one which should be sued or whether appellees are liable on the merits, but whether the amendment which sought to bring in the latter as defendants was filed in time as to them. This depends upon whether the requirements of Rule 15(c), Fed.R.

Civ.P., are met. The first of those requirements is that the claim asserted in the amended pleading arose out of the same conduct, transaction or occurrence set forth in the original pleading. The amended complaint meets this requirement. Indeed, in part it duplicates the original complaint. The latter and the amended complaint allege substantial damage through loss of plaintiff's baggage and clothing because of appellees' negligence. All else aside this brings the amendment within the requirement of the rule that the claim asserted in the amendment arose out of the conduct set forth in the original pleading, and, therefore, insofar as this requirement of the rule is concerned, relates the amendment back to the date of the original pleading.[1]

The remaining requirements, where as here there is a change in the party defendant, are that the party to be brought in by amendment has received notice of the institution of the action, is not prejudiced in maintaining his defense on the merits, and knew or should have known that but for a mistake concerning the identity of the proper party the action would have been brought against him.

There is no basis in the record for holding that these requirements are not met; nor does it even appear that the court decided they are not met. All defendants named at the several stages of the proceedings, from the original complaint through this last amendment, are associated with one another in the hotel business. The same counsel has represented their interests throughout the proceedings. Moreover, as appellant points out, it is apparent from the record that at least insofar as appellee Lee House, Inc., is concerned, it was apprised of the proceedings from their inception. *See* Young v. Albert Pick Hotels, 115 U.S.App.D.C. 400, 320 F.2d 719, where we state the facts about this company's attempt to appear specially to quash service in that case, an earlier stage of these proceedings. Moreover, no prejudice whatever to defendants, insofar as the merits are concerned, is found or indeed indicated. Thus it appears that as to the present claim of liability against them, whether or not sound on the merits, appellees knew or should have known that the action would have been brought against them rather than as before.

The record does not support unexpressed findings of the trial court that the provisions of Rule 15(c), Fed.R.Civ. P., are not satisfied. At the least there should be a remand for a hearing on this issue.[2]

---

1. With respect to this first requirement of Rule 15(c), the District Court is required to "go back to the original pleading in order to determine the nature of the new claim." Sidebotham v. Robison, 216 F.2d 816, 823 (9th Cir.). The requirement is fulfilled where the factual situation is not changed even though a different theory of recovery is presented. *Cf.* Rural Fire Protection Company v. Hepp, 366 F.2d 355, 362 (9th Cir.); Heay v. Phillips, 14 Alaska 132, 201 F.2d 220, 222 (9th Cir.), citing Popovitch v. Kasperlik, 76 F.Supp. 233 (D.D.C.). Moreover, the liberality intended by Rule 8, Fed.R.Civ.P., should be considered when determining whether the new claim arose out of the same transaction set forth originally. *Cf.* Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed. 2d 80; Sidebotham v. Robison, *supra*, 216 F.2d at 826–827.

2. *Compare* Hoffman v. Halden, 268 F.2d 280, 304 (9th Cir.), where it was clear there was no notice.