**William B. COHAN, Plaintiff,**

**v.**

**MUNICIPAL LEASING SYSTEMS, INC.,**
**a corporation, Defendant.**

**No. 73 C 1121.**

United States District Court,
N. D. Illinois, E. D.
July 29, 1974.

Blumenfeld & Blumenfeld, Chicago, Ill., for plaintiff.

Robert W. Bergstrom and Ronald W. Teeple, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss this action and to

quash the summons served upon it in Bethlehem, Pennsylvania, on the ground that this Court does not have *in personam* jurisdiction.

This is an action seeking to redress the alleged breach of a contract. The jurisdiction of this Court over this action is allegedly based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiff, William B. Cohan, is a citizen and resident of the State of Illinois. The defendant, Municipal Leasing Systems, Inc. ("Municipal") is a corporation organized under the laws of the State of Pennsylvania and maintaining its principal place of business in the State of Pennsylvania. The amount in controversy allegedly exceeds $10,000, exclusive of interest and costs.

The plaintiff, in his complaint, alleges, *inter alia,* the following facts:

1. The plaintiff is a licensed structural engineer in the State of Illinois and does practice that profession.

2. The defendant entered into an oral agreement in September of 1972 wherein the defendant did retain the services of the plaintiff as a structural engineer and for the further purposes of the plaintiff obtaining, on the defendant's behalf, certain financing for the development of properties belonging to the defendant.

3. At that meeting and subject to the agreement therein made, the defendant paid to the plaintiff the sum of $10,000.00 as a retainer for the plaintiff's services.

4. The defendant did orally agree with the plaintiff that it would pay to the plaintiff as compensation for services rendered and would be rendered additional sums of money based on the plaintiff's normal and usual billing in such matters.

5. The plaintiff did, in reliance on that retainer and oral agreement, lose other employment as he did not have adequate time for other jobs and was, therefore, damaged in the sum of $100,000.00.

6. The check was presented for payment by the plaintiff but the bank upon which said check was drawn returned same to the plaintiff, advising that the endorsement had been cancelled.

7. Plaintiff has made repeated requests and demands upon the defendant to pay that obligation, but the defendant has refused and still refuses to do so.

The plaintiff seeks damages in the amount of $110,000.00 plus his costs.

The defendant Municipal in support of its motion contends that:

1. Municipal is a Pennsylvania corporation with its principal offices in Bethlehem, Pennsylvania and is not licensed or authorized to do business in Illinois, nor is it doing business in Illinois.

2. Municipal was served with summons in this action in Bethlehem, Pennsylvania by application, through Rule 4(e) of the Federal Rules of Civil Procedure, of the Illinois "long arm" statute, Sections 16 and 17 of Chapter 110 of the Illinois Revised Statutes.

3. The complaint contains no allegations concerning any contacts, ties, or relations of Municipal Leasing Systems, Inc., within the State of Illinois, and indeed the only reference to Illinois relates to plaintiff's alleged place of citizenship, residence and license as a structural engineer.

4. Robert Morris in his affidavits states that apparently the agreement alleged in the complaint refers to two written agreements, between the plaintiff and a David A. Valente, which were negotiated and signed in Pennsylvania and which were with regard to services

to be performed in Pennsylvania relating to property situated in Pennsylvania and for which payment was rendered and accepted in Pennsylvania.

The plaintiff, in opposition to the instant motion, has filed affidavits in which he states, in relevant part, that:

1. "That during the Summer of 1972, I was contacted by a Mr. Louis Teeman, who represented himself to be the agent for the Defendant, MUNICIPAL LEASING SYSTEMS, INC., and was requested by Mr. Teeman to prepare preliminary drawings for said Defendant. I was given a check by Mr. Teeman for $2,500.00 as an initial retainer and this check was subsequently returned 'Not Sufficient Funds'. The aforementioned meeting took place in my office, which is located in Chicago, Illinois."

2. "Subsequently, I made two (2) trips to Allentown, Pennsylvania. The first trip was for the purpose of examining the properties in order to make the preliminary drawings and the second trip was to meet with the Defendant's bank where I was advised that sufficient funds were available for the payment of my fees and for the various projects that the Defendant anticipated becoming involved in."

3. "The afternoon of the meeting with the bank, I returned to Chicago, Illinois by plane and I was accompanied by the President of the Defendant corporation, his secretary and Mr. Teeman. That evening, at my office in Chicago, Illinois, Mr. Teeman, as agent for the Defendant, handed me the $10,000.00 check referred to in the Complaint."

4. "All the business that I have transacted with the Defendant has been transacted, negotiated, and consummated in the City of Chicago, State of Illinois."

The defendant, in reply to the plaintiff's answering affidavits, has filed a verified reply sworn to by David A. Valente and Bruce D. Emig. The verified reply contains, in part, the following statements:

1. "Louis Teeman was not an agent of Municipal Leasing Systems, Inc., nor did he represent himself to be an agent of that corporation. Mr. Teeman acted as an independent contractor, and any negotiations with the Plaintiff, during which Teeman and the individual David A. Valente were present, occurred in the cities of Allentown and Bethlehem, Pennsylvania. None of the negotiations or discussions took place in Chicago."

2. "The Plaintiff did in fact make two trips to Allentown for the purpose of examining properties and conducting negotiations with the individual David A. Valente and a local Pennsylvania bank with respect to financing the project being discussed. The allegations contained in paragraph 2 of Plaintiff's Answer contradicts the allegations in paragraph 4, where he states that 'all the business that I have transacted with the Defendant has been transacted, negotiated, and consummated in the City of Chicago, State of Illinois.'"

3. "The President of Municipal Leasing Systems, Inc., during the summer of 1972 was David A. Valente. At no time during the negotiations with the Plaintiff did David A. Valente act as an officer of the corporation. He acted as an individual and signed agreements as an individual. Neither Valente, a "secretary" or Mr. Teeman accompanied the Plaintiff to Chicago. The $10,000.00 check re-

ferred to was handed to the Plaintiff by one Dawn Buchanan, in the presence of Bruce D. Emig, in the City of Bethlehem, Lehigh County, Pennsylvania."

It is the opinion of this Court after carefully examining the relevant pleadings, memoranda, affidavits and exhibits submitted by the parties in support of their respective positions that the defendant has presently failed to adequately demonstrate that this Court lacks *in personam* jurisdiction.

Rule 4(d)(7) of the Federal Rules of Civil Procedure provides that service of process upon a foreign corporation is sufficient if served in the manner prescribed by the law of the state in which the District Court sits. The applicable Illinois Long-Arm Statute, § 17 of the Civil Practices Act, provides:

(1) Any person . . . who in person or through an agent does any of the acts herein enumerated, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of business of any such acts: (a) the transaction of any business within this State. . . .

(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this Section.

■ While personal jurisdiction over a non-resident defendant does not depend upon the physical presence of the defendant within the state, it is necessary that the act or transaction which is the subject matter of the suit have substantial connection with the forum state. Gray v. American Radiator and Standard Sanitation Corporation, 22 Ill.2d 432, 176 N.E.2d 761 (1961); Koplin v. Thomas Haab and Botts, 73 Ill.App.2d 242, 219 N.E.2d 646 (1966); Ziegler v. Houghton-Mifflin Company, 80 Ill.App.2d 210, 224 N.E.2d 12 (1967).

■■ The purpose of a state Long-Arm Statute is to permit courts sitting within the state to exert jurisdiction over non-residents to the extent permitted under the due process clause. See, e. g., Nelson v. Miller, 11 Ill.2d 378, 143 N.E. 2d 673 (1957); Koplin v. Thomas Haab and Botts, *supra*. The due process implications of the extension of personal jurisdiction over non-resident defendants have been thoroughly explained by the Supreme Court. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The thrust of these Supreme Court decisions is that in order for the state to have jurisdiction over a non-resident defendant that defendant must have sufficient "minimum contacts" in the forum state so that jurisdiction is reasonable and just.

■ It is well settled that in order to have a constitutionally permissible minimum contact with the forum state a non-resident defendant must, by some act, purposely avail itself of the privilege of conducting business in the forum state. Hanson v. Denckla, *supra*; Consolidated Laboratories, Inc. v. Shandon Scientific Company, 384 F.2d 797 (7th Cir. 1967); Gray v. American Radiator and Standard Sanitation Corporation, *supra*.

■ The plaintiff in his complaint and affidavit alleged that the contract and retainer, which are the subject matter of the instant complaint, were solicited, negotiated and consummated in the City of Chicago, State of Illinois. Illinois state courts and federal courts dealing with factual situations similar to those alleged by the plaintiff in the instant action have held that there were sufficient contacts with the forum state to have personal jurisdiction over the non-resident defendant. See United States Railway Equipment Co. v. Port Huron & Detroit Railroad Company, 495 F.2d 1127 (7th Cir. 1974); O'Hare International Bank v. Hampton, 437 F.2d 1173 (7th Cir. 1971); Colony Press, Inc.

v. Fleeman, 17 Ill.App.3d 14, 308 N.E.2d 78 (1974); Cook Associates, Inc. v. Colonial Board and Machine Co., 14 Ill. App.3d 965, 304 N.E.2d 27 (1973). While the defendant's verified reply raises the fact that there is a serious conflict between the sworn statements submitted by the parties, it is the opinion of the Court the defendant has failed in its burden of adequately demonstrating that this Court lacks *in personam* jurisdiction over the defendant.

The burden of proof usually rests upon the party asserting the existence of jurisdiction. KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936). However, this burden is met by a *prima facie* showing that jurisdiction is conferred by the long arm statute. United States v. Montreal Trust Co., 358 F.2d 239 (2nd Cir. 1966). As noted above, the plaintiff in his complaint and affidavit has made such a *prima facie* showing.

When a district court is confronted with two contradictory factual allegations in which both parties swear that their allegations are true, the court must assume, for the purpose of the motion attacking jurisdiction, that the facts related in the plaintiff's affidavit and complaint are true unless they are clearly and effectively controverted by live sworn testimony and the production of competent evidence before the Court. See O'Hare International Bank v. Hampton, *supra*; Woodworkers Tool Works v. Byrne, 191 F.2d 667 (9th Cir. 1951); Kesler v. Schetky Equipment Corp., 200 F.Supp. 678 (N.D.Cal.1961). The defendant has presently failed to effectively controvert the factual allegations of the plaintiff's complaint and affidavit. Thus the defendant's motion should be denied at this time. However, the instant ruling should not be interpreted to bar the defendant from pursuing its instant motion. If the defendant desires to perfect its instant motion it should move for a hearing on the issue of *in personam* jurisdiction and produce competent witnesses and other evidence in support of its position. See, e. g., Young v. Albert Pick Hotels, 115 U.S.App.D.C. 400, 320 F.2d 719 (1963).

Accordingly, it is hereby ordered that the defendant's motion to dismiss or to quash the summons is denied at this time and the cause is set for status on September 4, 1974.