**Jack G. Kolman, Trustee, Plaintiff-Appellee, v. National Racing Affiliates, Inc., Defendant-Appellant.**

**Gen. No. 49,505.**

First District, Fourth Division.

September 24, 1965.

Walter J. Lynwood, of Chicago, for appellant.

Collen & Kessler, of Chicago (Charles N. Brusso, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff, Trustee in bankruptcy for Fleetwood Motel Corporation, recovered a judgment for $895.36 against National Racing Affiliates, Inc. and N. Perry Luster in the Superior Court of New Jersey. Suit was brought in the Municipal Court of Chicago against the same two defendants on two counts: Count I based on the New Jersey judgment, and Count II based on the claim which was the subject of the New Jersey litigation. On Count II the trial court entered judgment in favor of both defendants. On Count I the court rendered judgment in favor of defendant Luster but against defendant National Racing Affiliates, Inc. The only appeal is that taken by

the corporation from the judgment against it under Count I for $844.68 and costs.*

Defendant's theory of the case is that the New Jersey court did not obtain personal jurisdiction over defendant and its judgment is therefore void. No summons was ever served personally on any officer or other agent of defendant, the New Jersey court having based its judgment upon service accomplished by the mailing of summons and complaint to the home office of defendant in Chicago, pursuant to the provisions of its own rules of court. The pertinent rule reads:

4:4–4.   Summons: Personal Service

The summons and a copy of the complaint shall be served together . . . Service shall be made as follows:

. . .

(d)   Upon a domestic or foreign corporation, by serving in the manner prescribed in Paragraph (a), an officer, director, trustee or a managing or general agent; or if service cannot be made upon any of the foregoing and if there is no office or place of business within this State, by serving any servant of the corporation within this State acting in discharge of his duties; or by delivering a copy of the summons and complaint to any person authorized by appointment or by law to receive service of process on behalf of the corporation; or by leaving a copy of the same at the registered office of the corporation with any person in charge thereof; or *if service cannot be made upon any of the foregoing*

---

* We do not understand the reason for the difference in amount of the judgments in New Jersey and here, but the parties make no point of it and we will therefore ignore it.

*and the corporation is a foreign corporation, then, subject to due process of law, by mailing, registered mail return receipt requested, a copy of the summons and complaint to a registered agent for service, or to its principal place of business or to its registered office.* (Emphasis supplied.)

██ Under well-established rules for according full faith and credit to the judgments of sister states, the forum court may not rehear the case on its merits as it is res judicata as to the nature and amount of the plaintiff's claim and all defenses raised or which could have been presented. Morris v. Jones, 329 US 545. A foreign judgment has no constitutional claim to full faith and credit, however, where the error complained of to the forum court is one which would (1) render the judgment void according to the law of the foreign state, or (2) deprive the foreign court of jurisdiction over the contesting party according to general constitutional principles of due process.

██ In support of the first point, it is logically the law that we are not required to give effect to a foreign judgment when it would have none in the state in which it was rendered. Halvey v. Halvey, 330 US 610, 614. It appears, however, that defendant's contention that the New Jersey judgment is void under New Jersey law is without merit. The Supreme Court of that state has interpreted the Rules of the Superior Court to allow for service of process upon a foreign corporation according to the conditions set out in section 4:4-4(d) and found them adequate to support a judgment under precisely the circumstances present in the instant case. Malavasi v. Villavecchia, 62 NJ Super 510, 163 A2d 214.

Neither can we agree with defendant's due process argument. Relying on Pennoyer v. Neff, 95 US 714, 727, defendant's president, N. Perry Luster, testified that defendant is an Illinois corporation with its sole place of

64

business in Chicago; that it never had a place of business in New Jersey and never transacted any business in that state; that it never performed any act constituting a submission to the jurisdiction of the New Jersey court; that the only summons from the New Jersey court received by defendant came to it through the mail to its office in Chicago.

From defendant's verified pleadings and from other matters in evidence it appears that defendant, through Luster, had made arrangements for a convention at plaintiff's hotel in Atlantic City, New Jersey; that the convention was held and at its conclusion a bill was rendered to defendant; that defendant considered the bill "excessive, erroneous and incorrect," and therefore did not pay it.

██ As to what constitutes doing business within a state for jurisdiction purposes, regardless of earlier theories, the question is now to be governed by the rule laid down in International Shoe Co. v. State of Washington, 326 US 310. It was there held that due process requires merely "minimum contacts" with a state as a precondition to jurisdiction over a nonresident defendant, provided only that the maintenance of suit under the circumstances of the case does not offend "fair play" and "substantial justice." See also Malavasi v. Villavecchia, 62 NJ Super 510, 515, 163 A2d 214; Nelson v. Miller, 11 Ill2d 378, 384, 143 NE2d 673. The method of service by mail as provided in the New Jersey rule and employed in the instant case, is also a well-settled, constitutionally adequate means of service of process. Travelers Health Ass'n v. Virgina, 339 US 643, 650, 651.

██ This principle of International Shoe is now so well-established that the question presented for determination by the trial court in the instant case was simply a factual one as to whether or not there had been the necessary minimum contacts on the part of defendant

with the State of New Jersey. Its conclusion was that there had been such contacts and we agree.

The judgment of the trial court is therefore affirmed.

Affirmed.

McCORMICK, P. J. and DRUCKER, J., concur.