Raymond Ziegler, Plaintiff-Appellant, v. Henry G. Hodges and Houghton Mifflin Co., a Corporation, Defendants, and Henry G. Hodges, Certain Defendant-Appellee.

Gen. No. 66–76.

Second District.

March 1, 1967.

O'Brien, Burnell, Puckett and Barnett, of Aurora, for appellant.

Matthews, Jordan, Dean and Suhler, of Aurora, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The plaintiff, Raymond Ziegler, brought this action against the defendants, Houghton-Mifflin Co. and Henry Hodges, for invasion of his right of privacy and for certain monies due under an assignment from the defendant, Henry Hodges, to the plaintiff and accepted by the defendant, Houghton-Mifflin. The defendant, Henry Hodges, was personally served with summons and complaint at his residence in Florida. The defendant, Henry Hodges, moved to quash the service of summons stating that he was not subject to the personal jurisdiction of the court. His motion was granted and an order was entered dismissing the suit as against him, and from this order the plaintiff appeals.

The defendant, Henry Hodges', motion was accompanied by an affidavit and the plaintiff filed an affidavit and a supplemental affidavit. By his affidavit the defendant, Henry Hodges merely avers that he has never submitted to the jurisdiction of the court in said action, that he has never committed any of the acts set forth in chapter 110, section 17 of the Civil Practice Act (c 110, § 17,

* See Callaghan's Illinois Digest, same topic and section number.

211

Ill Rev Stats 1965), providing for substituted service on a defendant residing outside the State of Illinois, and that he had not been inside the State of Illinois for more than ten years last past.

The plaintiff by his affidavit and supplemental affidavit avers that in 1961 Henry Hodges made a written offer in a letter which was sent from Hodges to the plaintiff in Urbana, Illinois; that said offer was for plaintiff to participate with Hodges in writing a certain textbook; that the consideration for plaintiff's participation in writing said textbook would be a percentage of the royalties received by Hodges from Houghton-Mifflin Co. upon publication of said textbook; that thereafter there were certain long-distance telephone conversations between the plaintiff in Illinois and Hodges in Florida by which the plaintiff accepted the offer of Hodges; that said telephone conversations specifically concerned the agreement to write a portion of the aforesaid textbook; that thereafter certain materials were sent to the plaintiff in Illinois by Hodges to aid the plaintiff in the preparation of his portion of the textbook; that pursuant to the agreement that portion of the textbook to be written by the plaintiff was written by him in Illinois and all labor concerning his writing was performed in Illinois; that the plaintiff sent the fruits of his labor to Hodges in Florida; that that portion of the manuscript prepared by Hodges was sent to the plaintiff in Illinois for the express purpose that the plaintiff edit and comment upon the same; that the plaintiff did edit and comment as requested and that all such labor performed by the plaintiff in this respect was performed within Illinois; that thereafter the plaintiff returned the same to Henry Hodges in Florida and that Hodges knew or should have known that the plaintiff would perform the agreements solicited by Hodges

in Illinois; and that the plaintiff was a citizen and resident of Illinois from September 1960 until September 1964.

Although Hodges suggests in his argument that no consideration should be given to the supplemental affidavit, we find no merit to this argument and we are considering the facts as presented by the affidavit of the defendant, Hodges, and the affidavit and supplemental affidavit of the plaintiff as set forth above.

The applicable part of section 17 is as follows:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

"(a) The transaction of *any* business within this State. . . .

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State.

"(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this Section . . . . " (Emphasis added.)

Ill Rev Stats, 1965, c 110, § 17–1a, 2 and 3.

The sole question to be answered in this case is whether the defendant, Hodges, submitted his person to the

jurisdiction of the courts of this State by transacting any business in Illinois within the meaning of the above statute.

█ The determination of what constitutes the transaction of any business within this State within the meaning of section 17(1)(a) presents a problem of statutory construction within the constitutional framework. Jurisdiction under section 17 has not been restricted to those cases alone where its language literally describes the activities of the defendant, and it is clear that the reach of the clause is intended to be as broad as the State's constitutional authority in this field. Koplin v. Thomas, Haab & Botts, 73 Ill App2d 242, 248, 219 NE2d 646 (1966). In Nelson v. Miller, 11 Ill2d 378, 389–390, 143 NE2d 673 (1957), the Court stated as follows:

> "Sections 16 and 17 of the Civil Practice Act reflect a conscious purpose to assert jurisdiction over non-resident defendants to the extent permitted by the due-process clause. (Cleary & Seder, Extended Jurisdictional Basis, 50 NULR 599; O'Connor & Goff, Expanded Concepts of State Jurisdiction, 31 ND Law 223.)"

In Gray v. American Radiator & Standard Sanitary Corp., 22 Ill2d 432, 176 NE2d 761 (1961), the Court said at page 437:

> "Under modern doctrine the power of a State court to enter a binding judgment against one not served with process within the State depends upon two questions: first, whether he has certain minimum contacts with the State (see International Shoe Co. v. Washington, 326 US 310, 316, 90 L Ed 95, 102), and second, whether there has been a reasonable method of notification. (See International Shoe Co. v. Washington, 326 US 310, 320, 90 L Ed 95, 104–105; Nelson v. Miller, 11 Ill2d 378, 390.)"

The effect of the Gray case cannot be discounted by saying that it was concerned with jurisdiction by reason of a tortious act and not the transaction of business. To employ different tests for subsections (a) and (b) is not to implement the intended effect of section 17; for where jurisdiction is based on a contract rather than on a tort, the interest of the State is not less nor is the burden on the defendant more.

It does not appear nor was it contended by the counsel for the defendant in his oral argument that the personal presence of the nonresident defendant in this State is required in order for the courts of this State to exercise in personam jurisdiction over the defendant. Gray v. American Radiator & Standard Sanitary Corp., supra. Also see, Department of Revenue v. National Bellas Hess, Inc., 34 Ill2d 164, 214 NE2d 755 (1966).

Rather it appears that the issue in this case rests upon the question as to what are the minimum contacts required for the exercise of the in personam jurisdiction over the nonresident defendant.

In Department of Revenue v. National Bellas Hess, Inc., supra, a section 12a Use Tax case, the nonresident mail order corporation neither maintained a local office nor sent salesmen into Illinois, but availed itself of the mail for local solicitation of mail orders and the goods were mailed or shipped by common carrier. Under section 12a (c 120, par 439, § 12a, Ill Rev Stats 1965), any nonresident of Illinois subject to the provisions of said section appoints the Secretary of State his agent for the service of process and such service shall have the same force and validity as personal service in Illinois upon the taxpayer. The Court held at page 176 that solicitation was of prime importance in satisfying the "minimal connections" requirement of the Use Tax Act; and that the defendant's continuous local solicitation for mail orders followed by delivery of ordered goods to the cus-

tomers in Illinois constituted the "minimal contacts" that are requisite to the exercise of the in personam jurisdiction.

In Gray v. American Radiator & Standard Sanitary Corp., supra, at page 438, the Court said:

"In the case at bar the defendant's only contact with this State is found in the fact that a product manufactured in Ohio was incorporated, in Pennsylvania, into a hot water heater which in the course of commerce was sold to an Illinois consumer. The record fails to disclose whether defendant has done any other business in Illinois, either directly or indirectly; and it is argued, in reliance on the International Shoe test, that since a course of business here has not been shown there are no "minimum contacts" sufficient to support jurisdiction. We do not think, however, that doing a given volume of business is the only way in which a nonresident can form the required connection with this State. Since the International Shoe case was decided the requirements for jurisdiction have been further relaxed, so that at the present time it is sufficient if the act or transaction itself has a substantial connection with the State of the forum."

Defendant Hodges has cited the case of Grobark v. Addo Machine Co., Inc., 16 Ill2d 426, 158 NE2d 73 (1959), and Orton v. Woods Oil & Gas Co., 249 F2d 198 (1957) and Trippe Mfg. Co. v. Spencer Gifts, Inc., 270 F2d 821 (1959). However, the Gray case was decided after these cases and even the Grobark case represented an extension of the restricted concept of jurisdiction, for the Court there implied that service on the defendant outside the forum State would be proper if the defendant had performed substantial acts within the forum State.

216

■ In the instant case there was a continuous contact between the plaintiff and the defendant throughout their transactions. Hodges purposefully and consciously solicited the contract. He actively sought out the plaintiff, an Illinois resident, and induced him to join in the preparation of the textbook. He was in continual contact with Ziegler by mail and telephone. Ziegler, the plaintiff, was at all times in Illinois and this fact must have been known to Hodges. The offer was accepted in Illinois. Hodges' assignment of ten percent of all royalties was forwarded by him to Houghton-Mifflin Co., in Illinois, was accepted by it in Illinois, and was honored by Hodges from December 6, 1961, until October 22, 1963. The contract was performed in Illinois and the law of Illinois will govern the substantive rights and duties stemming from the transaction as this is clearly an Illinois contract under conflict of laws rules. (Restatement, Conflict of Laws, §§ 332, 350.) The Court has jurisdiction of the codefendant, Houghton-Mifflin Company, a corporation, and the witnesses other than the defendant Hodges are likely to be found in Illinois and not in Florida.

■ Traditional notions of fair play and substantial justice is the essence of due process in the area of jurisdiction over nonresident defendants and it is no violation of such notions to provide that this case be tried in the Courts of Illinois.

We hold that under the expanded concept of due process as delineated by the Gray case this continuous contact between the plaintiff and the defendant Hodges satisfied the "minimal contacts" prerequisite to in personam jurisdiction of the defendant Hodges.

The order quashing the service of process upon the defendant is reversed.

Reversed.

DAVIS, P. J. and ABRAHAMSON, J., concur.