**O'HARE INTERNATIONAL BANK, a National Banking Association, Plaintiff-Appellant,**

v.

**Berlon E. HAMPTON et al., Defendants-Appellees.**

No. 18152.

United States Court of Appeals, Seventh Circuit.

Feb. 4, 1971.

H. James Rosenberg, Robert P. Marschall, Chicago, Ill., for plaintiff-appellant.

Richard F. Harte, George W. Hamman, Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, KERNER and PELL, Circuit Judges.

PELL, Circuit Judge.

The sole issue presented on this appeal is whether the district court erred in dismissing plaintiff's complaint for want of personal jurisdiction over the person of each defendant.

Plaintiff, a Chicago, Illinois, banking association, is the assignee for collateral purposes of a lease executed between Air Lease, Inc., an Illinois corporation, as lessor, and World Travelers, Inc., an Oklahoma corporation, as lessee. Defendants, all residents of either Oklahoma, Arkansas, Texas or Florida, are the individual guarantors of the performance of the obligations by the lessee. This diversity action (28 U.S.C. § 1332) was instituted in the district court upon the nonresident guarantors' alleged refusal to perform the agreements and obligations of the lease which they guaranteed.

None of the defendants submitted to personal jurisdiction in this forum. Extraterritorial service of process on and acquisition of jurisdicition over such defendants were sought pursuant to the long arm statute of Illinois, §§ 16–17, Illinois Civil Practice Act, Ill.Rev.Stat. ch. 110 (1969). The relevant parts of this statute provide:

"§ *16. Personal service outside State.* (1) Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; otherwise it shall have the force and effect of service by publication.

\* \* \* \* \* \*

"§ *17. Act submitting to jurisdiction*—Process. (1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(a) The transaction of any business within this State; \* \* \*" [1]

Eleven of the thirteen defendants were served with process outside of Illinois. Each entered a special appearance below, moving for dismissal, or in lieu thereof to quash the return of summons, on the ground that the district court lacked personal jurisdiction. Rule 12(b)(2), Federal Rules of Civil Procedure. After considering the motions, together with briefs and affidavits sub-

---

[1]. Service of process may be made in the manner prescribed by the law of the state in which the district court is held. Rule 4(d) (7), Federal Rules of Civil Procedure.

mitted, the district court concluded that "there has not been demonstrated in this case the existence of the minimal contacts or activities within the State of Illinois which would be necessary to confer jurisdiction in Illinois over these moving defendants." Accordingly, the district court granted the motions to dismiss and quashed the return of summons as to each of the eleven moving defendants. In addition, the court on its own motion dismissed the action as to the two remaining defendants upon whom service of process had not been obtained.

The parties below submitted affidavits to the district court containing factual allegations which the court considered in reaching its conclusion. The facts presented to the district court in the affidavits, which were contradictory as to certain allegations, are briefly as follows.

Negotiations were commenced in December, 1965 between Frank Jung of World Travelers and Sherman Butler, an officer of Air Lease, concerning the purchase of a DC–7B aircraft by Air Lease, which would then lease the airplane to World Travelers. Butler indicated that these negotiations were initiated by a telephone call to his Chicago office from Jung, who reportedly was calling from St. Louis, Missouri. Jung denied making such a call. Butler claimed that Jung stated that individual guarantors were available because the thirteen named defendants had formed or were in the process of forming a corporation (World Travelers) for the purpose of operating an air travel club.

On January 5, 1966, Butler, allegedly in response to a request by Jung, went to Oklahoma City, Oklahoma, to meet with some of the nonresident guarantors for discussions about the lease and guaranty. Butler further stated that at least one guarantor, whose identity he could not remember, later traveled to Illinois for further negotiations. All guarantors denied having gone to Illinois. Next Butler met in Miami, Florida, with several of the guarantors, who were also officials of the newly formed corpora-

tion. A lease agreement was signed there on January 13, 1966, by the president of World Travelers. At this time it was agreed that a guaranty containing signatures of all the proposed guarantors would be delivered to Air Lease in Chicago before payment for the aircraft would be made. Thereafter, on January 17, the lease, which had already been signed by the officer of World Travelers, was executed by the president of Air Lease at its offices in Chicago. The lease provided for monthly payments to be made at Chicago, or at another place designated by the lessor. Subsequently, a guaranty, signed by the thirteen defendants and dated January 5, 1966, was delivered to Air Lease in Chicago. The guaranty provided that it "shall be construed according to the law of the State of Illinois, in which State it shall be performed. * * *" Air Lease later assigned the lease to plaintiff, O'Hare International Bank, and upon World Travelers' failure to pay rent under the lease, plaintiff commenced this action.

In situations where federal jurisdiction is based upon diversity of citizenship, in personam jurisdiction "is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee." Arrowsmith v. United Press International, 320 F.2d 219, 223 (2nd Cir. 1963); accord, Canvas Fabricators, Inc. v. William E. Hooper & Sons Co., 199 F.2d 485, 486 (7th Cir. 1952).

Personal jurisdiction over a nonresident defendant does not depend upon the physical presence of the defendant within the state. It is sufficient that the act or transaction itself has a substantial connection with the forum state. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 438, 176 N.E.2d 761, 764 (1961); Koplin v. Thomas, Haab & Boots, 73 Ill.App.2d 242, 254, 219 N.E.2d 646, 652 (1966);

Ziegler v. Houghton-Mifflin Co., 80 Ill. App.2d 210, 215, 224 N.E.2d 12 (1967).

■ The legislative intent of the Illinois long arm statute is to exert jurisdiction over nonresidents to the extent permitted under the due process clause. Nelson v. Miller, 11 Ill.2d 378, 143 N.E. 2d 673 (1957); Koplin v. Thomas, Haab & Boots, *supra;* Ziegler v. Houghton-Mifflin, *supra;* Hutter Northern Trust v. Door County Chamber of Commerce, 403 F.2d 481, 485 (7th Cir. 1968).

The due process implications of the extension of personal jurisdiction over nonresident defendants were settled in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). "The thrust of these decisions in that sufficient 'minimum contacts' must exist in the forum state so that jurisdiction over nonresident defendants is reasonable and just according to traditional concepts of fair play and substantial justice. * * * Whether sufficient minimum contacts exist cannot be answered by applying a formula or rule of thumb, but by ascertaining what is fair and reasonable in the circumstances of the particular situation." Hutter Northern Trust v. Door County Chamber of Commerce, *supra,* 403 F.2d at 484.

In the application of this flexible test, "the relevant inquiry is whether defendant engaged in some act or conduct by which he may be said to have invoked the benefits and protections of the law of the forum." Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 440, 176 N.E.2d 761, 765 (1961); Consolidated Laboratories, Inc. v. Shandon Scientific Co., 384 F.2d 797, 801 (7th Cir. 1967).

■ Rule 12(d), Federal Rules of Civil Procedure, enables a party asserting certain defenses enumerated in subsection (b) of that rule to raise such challenge prior to trial on the merits.

The rule clearly contemplates hearing and determination of jurisdictional issues in advance of trial. 2A Moore, Federal Practice ¶ 12.16, at 2352–54 (2d ed. 1968). "As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." Gibbs v. Buck, 307 U.S. 66, 71–72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939). When considering a challenge to its jurisdiction, a court may receive and weigh affidavits. 5 Wright and Miller, Federal Practice and Procedure § 1351, at 565 (1969).

■■ Based upon evidence obtained, the court properly decides jurisdictional disputes before trial. Schramm v. Oakes, 352 F.2d 143, 149 (10th Cir. 1965); Williams v. Minnesota Mining & Manufacturing Co., 14 F.R.D. 1, 5 (S.D. Cal.1953). The burden of proof rests upon the party asserting existence of jurisdiction, *id.* at 5; KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183 (1936). However, this burden is met by a prima facie showing that jurisdiction is conferred by the long arm statute. United States v. Montreal Trust Co., 358 F.2d 239 (2nd Cir. 1966).

■ The affidavits filed pursuant to the Rule 12(d) motions to dismiss presented the district court with contradictory factual allegations from which to decide the jurisdictional issue. Because there were conflicting statements, for the purpose of this appeal we must assume the facts related in the plaintiff's affidavits and complaint to be true. Woodworkers Tool Works v. Byrne, 191 F.2d 667, 673 (9th Cir. 1951); Kesler v. Schetky Equipment Corp., 200 F.Supp. 678, 679 (N.D.Cal.1961.)

■ Thus, accepting the validity of plaintiff's allegations, the jurisdictional facts would appear to be as follows: Both plaintiff and its assignor, the original lessor of the lease here involved, are legal residents of Illinois. Negotiations for the lease were commenced by a phone call to the lessor's Chicago office by one of the defendants; subsequent

discussions with at least one of the defendants occurred in Illinois. The lease was not accepted until executed in Illinois and payments under it were to be made at Chicago, Illinois, or at such other place as the lessor shall designate. The guaranty in question specifically provided that it "shall be construed according to the law of the State of Illinois, in which State it shall be performed. * * * "

The issue before this court is whether the jurisdictional facts alleged by the plaintiff establish "minimum contacts" with Illinois so that personal jurisdiction over the nonresident defendant does not offend "traditional notions of fair play and substantial justice." We conclude that the plaintiff has successfully met the burden of showing prima facie that jurisdiction in the present case is conferred by the Illinois long arm statute.[2]

The defendants certainly must have contemplated the effects in Illinois of a failure to make the monthly rental payments. *See* Jack O'Donnel Chevrolet, Inc. v. Shankles, 276 F.Supp. 998, 1003 (N.D.Ill.1967). Furthermore, the fact that the guaranty was to be construed according to Illinois law and performed in that state clearly demonstrates that the defendants "invoked the benefits and protection" of the state. Hunter Northern Trust v. Door County Chamber of Commerce, 403 F.2d 481, 484 (7th Cir. 1968); Consolidated Laboratories, Inc. v. Shandon Scientific Co., 384 F.2d 797, 801 (7th Cir. 1967).

▪ The test of whether business was transacted within the state must be applied in the context, not of communication and transportation criteria of yesteryears, but of modern day commercial and personal accelerated relationships. The long arm statutes are comrades of the computer.

While the guarantors received no direct consideration, it appears there was inducement in connection with their projected interest in World Travelers for them to want eventual financing of the airplane to be purchased. They should not be in the position, even though indirectly, to enjoy the fruit but to disavow the situs of the tree from which the fruit was derived. The purchase money bore an Illinois badge sufficient with the other facts hereinbefore set out to constitute a prima facie showing of transacting business within the state of Illinois.

We therefore reverse and remand to the district court for further proceedings not inconsistent with this opinion.

Reversed.

---

2. Our conclusion that the plaintiff has prima facie established in personam jurisdiction under the long arm statute does not relieve it from proving jurisdictional

facts at trial. United States v. Montreal Trust Co., 358 F.2d 239, 242 n. 4 (2nd Cir. 1966).