EDWARD A. FOX, Plaintiff-Appellant, *v.* SUIT LINKS, LTD., Defendant-Appellee.

(No. 54909;

First District—March 22, 1972.

Robert B. Cook, of Chicago, for appellant.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This action was brought by plaintiff to recover money paid to defendant, a New York corporation, as consideration for a distributorship which would authorize plaintiff to sell defendant's products within a certain area in Cook County, Illinois. No agreement was consummated, and plaintiff demanded the return of his money. When defendant failed to return the money plaintiff brought this suit.

A deputy sheriff of New York served defendant with summons at its office in New York City, after which defendant appeared specially for the sole purpose of objecting to the jurisdiction of the Illinois court, and moved to quash the service. The court heard the argument and entered an order sustaining defendant's motion. Plaintiff has appealed, contending that the defendant submitted itself to the jurisdiction of the Illinois court by transacting business in the State within the meaning of Ill. Rev. Stat. 1969, ch. 110, par. 17(1) (a), known as the "long arm statute." The facts follow.

On February 20, 1968, in response to an advertisement in the Chicago Tribune, plaintiff wrote defendant, expressing interest in a distributorship. About a week later he received a telephone call from one Jerry Berenson, a representative of defendant, who was in Chicago. Plaintiff had several meetings in Chicago with Berenson and another representative of defendant, Mort Colby. At the last meeting on February 29, 1968,

Berenson presented to plaintiff an agreement he had prepared, under which plaintiff was to become a dealer of defendant's products in Cook County. They then went to a Chicago bank where plaintiff purchased and delivered to Berenson a cashier's check for $2,995, payable to defendant. Berenson then returned to defendant's New York office.

On March 5, 1968, plaintiff received a letter from defendant, accepting his application, and enclosing a distributor agreement executed by defendant. The letter stated that defendant's local representative, Dean Fortucci, would be in plaintiff's corner. Plaintiff did not sign the agreement, and soon after receiving it he requested the return of his $2,995. Defendant did not return the money, and denies that it was licensed to do business in Illinois, that it ever maintained an office in Chicago, or that it authorized its name to be listed in the Chicago telephone directory. Defendant further denies that one Dean Fortucci was an employee, manager, officer or stockholder. Defendant did maintain an office at 173 West Madison Street, in Chicago, and its name, along with that of Dean Fortucci, appeared on the directory of the building.

The trial court heard defendant's motion to quash service of summons, considered affidavits and memoranda from both plaintiff and defendant, then sustained defendant's motion and quashed service of summons. Defendant has not filed a brief in this court, and this fact in itself warrants a reversal of the order. However, in accordance with current practice, we will examine the issues and decide the case on its merits. (*Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill.App.2d 264, 254 N.E.2d 814; *Perez v. Janota*, 107 Ill.App.2d 90, 246 N.E.2d 42; *Matyskiel v. Bernat*, 85 Ill.App.2d 175, 228 N.E.2d 746.) The issue is whether defendant submitted itself to the personal jurisdiction of the Illinois courts by transacting business in the State.

■■ The "long arm statute," Ill. Rev. Stat. 1969, ch. 110, par. 17(1) (a), subjects a non-resident to jurisdiction of Illinois courts if he transacts any business within this State. The legislative intent of the statute is to exert jurisdiction over non-residents to the extent permitted under the due process clause of the Fourteenth Amendment of the Federal Constitution. *Nelson v. Miller*, 11 Ill.2d 378, 143 N.E.2d 673; *Koplin v. Thomas, Haab & Botts*, 73 Ill.App.2d 242, 219 N.E.2d 646; *O'Hare International Bank v. Hampton* (7 Cir. 1971), 437 F.2d 1173.

■■■ The due process implications of the extension of personal jurisdiction over non-resident defendants were settled in *International Shoe Co. v. State of Washington* (1945), 326 U.S. 310; *McGee v. International Life Insurance Co.* (1957), 355 U.S. 220; and *Hanson v. Denckla* (1958), 357 U.S. 235. The essence of these decisions is that sufficient "minimum contacts" must exist in the forum state so that jurisdiction over non-

resident defendants is reasonable and just, according to traditional concepts of fair play and substantial justice. The determination of whether sufficient minimum contacts exist cannot be answered by applying a formula or a rule of thumb, but by ascertaining what is fair and reasonable in the particular circumstances. *O'Hare International Bank v. Hampton, supra; Hutter Northern Trust v. Door County Chamber of Commerce* (7 Cir. 1968), 403 F.2d 481.

■■ In applying this flexible test of jurisdiction, the relevant inquiry is whether the non-resident defendant has engaged in some act or conduct by which he may be said to have invoked the benefit or protection of the law of the forum. *O'Hare International Bank v. Hampton, supra; Hutter Northern Trust v. Door County Chamber of Commerce, supra; Koplin v. Thomas, Haab & Botts, supra.*

In the instant case it appears from the allegations and affidavits presented to the trial court, that defendant's dealings with plaintiff were initiated by an advertisement in an Illinois newspaper; that plaintiff and a representative met in Illinois and discussed a distributorship agreement; and that defendant was paid in Illinois with funds drawn on an Illinois bank. In addition, defendant apparently maintained an office and local representative in Illinois and was listed in the Chicago telephone directory.

■■ By advertising in an Illinois newspaper and conducting a pertinent part of the transaction in Illinois, the defendant has clearly invoked the benefits and protection of Illinois law. The facts that the transaction occurred in Illinois and that defendant maintained an office in this State, combined with the other aspects of this situation, are adequate to support plaintiff's contention. See *Koplin v. Thomas Haab & Botts, supra; Ziegler v. Hodges,* 80 Ill.App.2d 210, 224 N.E.2d 12.

The order quashing the service of process upon the defendant is reversed.

Order reversed.

STAMOS, P. J., and LEIGHTON, J., concur.