COLONY PRESS, INC., Plaintiff-Appellant, *v.* M. J. FLEEMAN d/b/a ACE CONSTRUCTION Co., Defendant-Appellee.

(No. 58473; ▇▇▇▇▇▇▇▇▇▇)

First District (5th Division)—January 4, 1974.

Gerald R. Slutsky, of Chicago, for appellant.

Sidley & Austin, of Chicago (Henry A. Preston and Thomas F. Ryan, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant, an Ohio company doing business in Ohio, ordered and received from plaintiff, an Illinois corporation, printed advertisements to be used as inserts in an Ohio newspaper. When plaintiff filed suit in Illinois to recover payment for these newspaper inserts, defendant filed a special appearance and motion to quash service and dismiss the action alleging that the court had no jurisdiction over its person. The trial judge found that the court had no jurisdiction over the person of the defendant and quashed the service of summons. Plaintiff appealed this order raising the sole issue of whether this one transaction was sufficient to confer on the trial court in personam jurisdiction over defendant.

The pleadings show that defendant, a resident and domicilliary of the State of Ohio, is engaged in the home construction business in and about Canton, Ohio. All customers of defendant are located within Ohio and no sales are made by him outside of Ohio. On August 23, 1971 in response to plaintiff's advertisements, defendant placed a telephone call from Canton, Ohio to plaintiff, an Illinois corporation engaged in the printing business in Lincolnwood, Illinois, inquiring into the printing of advertisements for defendant to appear in a local Ohio newspaper as a supplementary section. The conversation concluded with defendant ordering 90,900 newspaper inserts at a price of $25 per thousand to be shipped f.o.b. Chicago.[1] A sample copy was prepared by plaintiff and mailed to defendant. After making corrections thereon, defendant returned the corrected copy to plaintiff by mail and ordered the printing to be done. The printing was then done in Lincolnwood, Illinois. On September 3, 1971, plaintiff, under the terms of the agreement, shipped the order f.o.b. Chicago to Canton, Ohio by placing the goods in the hands of an interstate carrier. At defendant's direction the goods were sent directly to the Ohio newspaper in which they were to appear. The goods were neither paid for nor returned and plaintiff brought suit.

---

[1] Ill. Rev. Stat. 1971, ch. 26, par. 2—319, provides:
    "(1) Unless otherwise agreed the term F.O.B. (which means 'free on board') at a named place, even though used only in connection with the stated price, is a delivery term under which
      (a) when the term is F.O.B. the place of shipment, the seller must at that place ship the goods in the manner provided in this Article (Section 2—504) and bear the expense and risk of putting them into the possession of the carrier; * * *."

Service of process was made on defendant in Ohio pursuant to section 16 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 16).

Plaintiff contends that the trial court acquired jurisdiction over defendant's person under the provisions of section 17 of the Illinois Civil Practice Act, commonly referred to as the "long arm" statute (Ill. Rev. Stat. 1971, ch. 110, par. 17) which provides, in pertinent part, that a non-Illinois resident submits himself to the jurisdiction of the Illinois courts by "the transaction of any business within this State." (Ill. Rev. Stat. 1971, ch. 110, par. 17(1) (a).) The question presented is whether defendant's placement of a single interstate telephone order, his return of a corrected copy of that order and the acceptance of that order shipped f.o.b. Chicago, constituted the "transaction of any business" within the meaning of the "long arm" statute, thereby conferring jurisdiction on the trial court.

■■ We believe our recent decision in *Cook Associates, Inc. v. Colonial Broach & Machine Co.*, 14 Ill.App.3d 965, 304 N.E.2d 27, to be dispositive of the issue presented here. In that case plaintiff, an Illinois employment agency had sent a "flyer" regarding available job applicants to defendant, a Delaware corporation doing business in Michigan. Defendant telephoned plaintiff requesting that plaintiff divulge the name of an applicant whose partial identification had been gleaned from the "Flyer." Defendant also requested plaintiff to send a resume of that applicant and notify him to contact defendant for an interview. The conversation ended with defendant agreeing to pay plaintiff's fee if the applicant was subsequently hired. When the applicant was in fact hired and plaintiff's bill refused, plaintiff filed suit in Illinois. Defendant filed a special appearance and sought to quash the service of summons. The trial judge denied the motion and a jury trial on the merits of the action took place and money judgment was entered against the defendant. On appeal to this court, defendant again raised the jurisdictional issue. We held that defendant's single telephone call initiating this business transaction with plaintiff constituted a sufficient minimum contact with this state, so as to confer jurisdiction on the trial court. We observed that:

"[D]efendant knew or should have known that it had entered into a contract with an Illinois agency, that the agency would perform its services from its office in Illinois, that the fee, if due would be paid to plaintiff in Illinois, and if the fee were not paid as promised, defendant might be liable to suit in the Illinois courts."

For these reasons we held that the maintenance of the suit in this state would not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154; *Kolman v. National Racing Affiliates, Inc.*, 64 Ill.App.2d 61, 212 N.E.2d 313.

■■ In the instant case, defendant should have known that he might be liable to suit in Illinois if the bill were not paid. As in *Cook*, defendant initiated the business transaction, after plaintiff's mere solicitation, by telephoning plaintiff in Illinois. Defendant, offeror, requested the printing of advertisements; plaintiff, offeree, accepted, and a price for these services was agreed upon. In addition, plaintiff was required to mail defendant a sample printed copy prior to the setting of the press type so that defendant could make any necessary corrections before the advertisements were finally printed. Defendant was aware or should have been aware that the printing would be done in Illinois. Finally, plaintiff was required to ship the goods, f.o.b. Chicago, Illinois, directing the carrier to make delivery to the Canton, Ohio, newspaper in which it would appear. Plaintiff's obligation, title and risk of loss in the goods ceased then on the delivery to the carrier in Illinois. (Sections 2—401(2) (a) and 2—509 (1) (a) of the Illinois Uniform Commercial Code, Ill. Rev. Stat. 1971, ch. 26, pars. 2—401(2) (a) and 2—509(1) (a).)[2] The essential points of this business transaction for purposes of jurisdictional questions are that plaintiff accepted the contract in Illinois and that it was contemplated by the parties that plaintiff's performance would be conducted wholly within Illinois. *See, Jack O'Donnell Chevrolet, Inc. v. Shankles*, 276 F.Supp. 998 (N.D. Ill. 1967).

Defendant contends that our extension of the "long arm" statute in *Cook* and our decision here, under guidelines enunciated in *Gray v. American Radiator & Standard Sanitary Corp.* 22 Ill.2d 432, 176 N.E.2d 761, and *Nelson v. Miller*, 11 Ill.2d 378, 143 N.E.2d 673, is improper since both these Supreme Court decisions involved the "tortious act" clause rather than the "transaction of business" clause as here. (Ill. Rev. Stat. 1971, ch. 110, par. 17(1) (b).) The language of the court in *Ziegler v. Hodges*, 80 Ill.App.2d 210, 224 N.E.2d 12, is appropriate in response to that argument:

> "The effect of the Gray case cannot be discounted by saying that it was concerned with jurisdiction by reason of a tortious act and not the transaction of business. To employ different tests for

---

[2] Ill. Rev. Stat. 1971, ch. 26, par. 2—401(2) (a) provides:
"(a) if the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment; * * *."
Ill. Rev. Stat. 1971, ch. 26, par. 2—509(1)(a) provides:
"(1) Where the contract requires or authorizes the seller to ship the goods by carrier
(a) if it does not require him to deliver them at a particular destination, the risk of loss passes to the buyer when the goods are duly delivered to the carrier * * *."

subsections (a) and (b) is not to implement the intended effect of section 17; for where jurisdiction is based on a contract rather than on a tort, the interest of the State is not less nor is the burden on the defendant more."

Defendant next contends that our decision here would subject customers of large mail order houses to the jurisdiction of the Illinois courts. This argument is a restatement of language found in *Geneva Industries, Inc. v. Copeland Construction Corp.*, 312 F.Supp. 186 (N.D. Ill. 1970) and *Conn v. Whitmore*, 9 Utah2d 250, 342 P.2d 871. Two responses may be made to this line of reasoning.

■■ First, a mail order house does not fulfill its obligations by placing the ordered item in the mail or by delivering them into the hands of an interstate carrier. Performance ends only when the buyer holds the item; delivery of the items is the quid pro quo for buyer's payment and risk of loss would not pass to the buyer until the receipt of the items. (*See,* Section 2—509(3) of the Illinois Uniform Commercial Code, Ill. Rev. Stat. 1971, ch. 26, par. 2—509(3).) This situation must be distinguished from the instant case where plaintiff completed his performance by placing the goods in the hands of the carrier.

■■ Secondly, jurisdictional due process demands that defendant have such minimum contacts with a state so that it does not offend traditional notions of fair play and substantial justice to require him to defend in that state. (*International Shoe Co. v. Washington,* 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154; *Kolman v. National Racing Affiliates, Inc.,* 64 Ill.App.2d 61, 212 N.E.2d 313.) It must be noted that "traditional notions of fair play and substantial justice" is an elastic phrase that necessarily varies with the relationship and situation of the parties. (*Fox v. Suit Links, Ltd.,* 4 Ill.App.3d 657, 281 N.E.2d 684; *O'Hare International Bank v. Hampton,* 437 F.2d 1173 (7th Cir. 1971.) It may not in fact be proper to require an out of state customer of a mail order house to defend an action here. However, this is not before us. Section 17 of the Civil Practice Act reflects a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due process clause. (*Nelson v. Miller, supra.*) Illinois courts have recognized under this attitude that jurisdiction is not merely dependent upon contacts with this state but upon such factors as the nature of the business transaction, the applicability of Illinois law, the contemplation of the parties and the likelihood that witnesses would be found here. (*See, Gray v. American Radiator & Standard Sanitary Corp., supra; Ziegler v. Hodges,* 80 Ill.App.2d 210, 224 N.E.2d 12; *Koplin v. Thomas, Habb and Botts,* 73 Ill.App.2d 242, 219 N.E.2d 646.) Here, defendant is a business company that had voluntarily entered into a business transaction with an Illinois

plaintiff with plaintiff's performance wholly conducted within Illinois. Also, Illinois law would be applicable in disputes arising under this contract. (*Cook Associates, Inc. v. Colonial Broach and Machine Co., supra; George v. Haas,* 311 Ill. 382, 143 N.E. 54; *Oakes v. Chicago Fire Brick Co.,* 388 Ill. 474, 58 N.E.2d 460.) In addition, since title and risk of loss passed to defendant on plaintiff's delivery to the carrier, it may be said that defendant benefited from the services of the State of Illinois in the protection of these goods from theft and fire prior to their actual movement out of Illinois. (*See, Hanson v. Dencla,* 357 U.S. 235, 2 L.Ed.2d 1283, 78 S.Ct. 1228.) We conclude that there were sufficient minimum contacts in this one transaction for purposes of *in personam* jurisdiction so as not to offend traditional notions of fair play and substantial justice in requiring defendant to defend this action in Illinois.

■■ Defendant cites the recent decision of *Davies v. Nehf* (First Dist. No. 57744), 14 Ill.App.3d 318, 302 N.E.2d 382, denying the enforcement in Illinois of a default judgment entered in New York on the basis of a lack of jurisdiction under New York's "long arm" statute. While New York's "long arm" statute is identical in material respects to the Illinois "long arm" statute, it has never been interpreted identically. (Section 302 Civil Practice Law and Rules, McKinney's Consolidated Laws of New York, 172, ch. 7b, par. 302.) The New York Supreme Court in *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 261 N.Y.S.2d 208, 209 N.E.2d 68, found the Illinois Supreme Court's argument in *Gray v. American Radiator & Standard Sanitary Corp., supra,* "unconvincing" in regard to the scope of the "long arm" statute. We, therefore, conclude that the interpretation of New York law in *Davis* is not relevant to our decision here.

Finally, defendant contends that *Cook* is not authoritative precedent in the decision of this case. It is argued that in *Cook* defendant proceeded to a jury trial on the merits after a denial of his objections to jurisdiction. In such a situation, defendant asserts it was not a denial of due process. We find no merit in this argument since defendant's filing of a special appearance to contest *in personam* jurisdiction and then proceeding to trial after a denial of that motion never waives the issue of his amenability to process section 20 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 20).

Accordingly, the order of the circuit court of Cook County quashing the service of summons is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.