E. WALTERS & COMPANY, INC.,
Plaintiff,

v.

INTERASTRA, S. A., Defendant.

No. 75 C 151.

United States District Court,
N. D. Illinois, E. D.

July 2, 1975.

Harry M. Levy, Chicago, Ill., for plaintiff.

Arlie O. Boswell, Jr., Chicago, Ill., for defendant.

## DECISION ON MOTION TO QUASH SERVICE OF SUMMONS

McMILLEN, District Judge.

Defendant has filed a motion to quash service of summons on the ground, *inter alia,* that it is not properly subject to jurisdiction in this action. This motion activates the first and second affirmative defenses of defendant's answer to the complaint. We find and conclude that the defendant's motion is well-founded and that jurisdiction has not been shown to exist against the defendant.

This is a diversity action for breach of contract. The contract was admittedly entered into on July 10, 1974. It appears on its face to have been accepted by defendant in Switzerland but the defendant alleges in its Second Affirmative Defense that this occurred in Atlanta, Georgia. Neither party has filed any affidavits in support of or in opposition to the pending motion, and therefore we assume, in the absence of any allegation to the contrary, that the contract was not executed in Illinois. See F.R.Civ.P. 8(c), 8(f) and 11.

The only acts which the defendant is alleged to have performed in this district or in Illinois are that its president made certain false and misleading verbal statements in Chicago prior to the execution of the aforesaid contract and that the defendant sent technical drawings

and three samples of the product to the plaintiff whose president then concluded that the statements previously made by defendant in Chicago were false and misleading. No complaint is made about the drawings except that they revealed that the product was not covered by a certain United States Patent, and no complaint is made about the samples except' that one of them did not work properly. It is alleged that the contract was entered into on the basis of these allegedly false and misleading statements, but the complaint is not filed for the purpose of recovering damages for fraud or misrepresentation. It seeks to set aside or rescind the contract and to recover the payment which the plaintiff sent to the defendant at the time of the execution of the contract.

■ Since this is a diversity action, the question of jurisdiction over the defendant is governed by Illinois law. In general, Illinois courts take jurisdiction over defendants which were doing business in Illinois at the time of the occurrence being sued upon or which committed acts in this State giving rise to the cause of action. *Ill.Rev.Stat.* (1973), Ch. 110, § 17; *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 440, 176 N.E.2d 761 (1961). It appears from the pleadings that the defendant did certain things in Illinois prior to and after the execution of the contract, but the suit is not based upon these things. Nor did anything happen in Illinois as a result of the statements or acts of the defendant in this State.

■ The *Gray* decision extended Illinois' jurisdiction to its furthest reach, and the plaintiff, in our opinion, has not shown the defendant to have come within the scope of that case. Defendant has not invoked the benefit or protection of Illinois' law, has not marketed a dangerous product here, and has not done business here to such an extent that it would be equitable to require it to defend itself in this court. See *Interna-*

*tional Shoe Co. v. State of Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). We find and conclude that the defendant did not perform any acts in Illinois which are sufficient to assert jurisdiction over it under the Illinois Long-Arm Statute. See also *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1177 (7th Cir. 1971); *Hutter v. Door County Chamber of Commerce et al.*, 403 F.2d 481, 484 (7th Cir. 1968).

■ If the defendant did take sufficient action in Illinois to submit itself to jurisdiction of this court, then the service of process by registered mail in Switzerland was proper under F.R.C.P. 4(i)(1)(D). However, this manner of serving process is ineffective unless jurisdiction over the defendant exists pursuant to subparagraph (e) of Rule 4. Therefore, although service of process was properly made on the defendant, it was unavailing to give this court jurisdiction over it.

It is therefore ordered, adjudged and decreed that defendant's motion to quash service is granted, for lack of jurisdiction over the defendant. F.R.C.P. 12(b)(2).