**ROYAL GLOBE INSURANCE CO., Plaintiff,**

v.

**LOGICON, INC., Defendant.**

**No. 79 C 2421.**

United States District Court, N. D. Illinois, E. D.

April 16, 1980.

Haskell & Perrin, Chicago, Ill., for plaintiff.

C. Roy Peterson, Lord, Bissell & Brook, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This suit arises out of damage to barges covered by insurance policies issued by plaintiff Royal Globe Insurance Company ("Royal Globe") to defendant Logicon, Inc. ("Logicon") through William Powell and Company ("Powell"), an insurance broker with offices in Illinois and Arkansas. Powell is an authorized agent of Royal Globe pursuant to a written agreement. This arrangement authorizes Powell to issue binders and policies on behalf of Royal Globe to purchasers of insurance from Powell.[1] Royal Globe has brought this declaratory judgment action against Logicon, seeking a determination of the rights and liabilities of these parties pursuant to the insurance contract.[2]

Powell contacted Logicon, an Arkansas corporation engaged in the sale and transportation of fuel oil and related petroleum products, in an attempt to solicit Logicon's insurance business.[3] Powell then submitted information to Royal Globe who in turn issued, in February, 1976, policies insuring the hulls of certain Logicon-leased barges for a one-year period. The contract proposal was sent by Powell to Arkansas, where Logicon reviewed and accepted it by mail.[4] Although the scope of the coverage of the policies was modified at various times dur-

---

1. William J. Reif Affidavit, ¶ 7.

2. This action originally was filed in the Circuit Court of Cook County, Illinois, on May 11, 1979. Pursuant to 28 U.S.C. § 1441, Logicon removed this case to the federal court in June,

1979. Jurisdiction is pursuant to 28 U.S.C. § 1332.

3. Renate Wagner Affidavit, ¶ 3.

4. Reif Affidavit, ¶¶ 3, 4.

ing the year, these changes were made through Powell by phone or mail. At no time did any Logicon personnel come to Illinois or have any direct contact with Royal Globe.[5]

On or about February 14, 1977, the barges covered by the insurance policy were damage while being towed on the Arkansas River. Logicon filed suit in Arkansas against the tug which was towing the barges at the time of the accident. That suit is pending at the present time. Royal Globe then filed the present law suit, seeking a declaratory judgment that it is not required to provide coverage for the damage done to the barges because (1) Logicon breached the terms of the policy by failing to give timely notice of the accident, (2) Logicon breached the contractual limitation of action clause in the policies of insurance, and (3) Logicon failed to allow Royal Globe the opportunity to survey the damage as required under the policy. Logicon has moved to dismiss the complaint for lack of personal jurisdiction or, in the alternative, to transfer venue to the United States District Court for the Eastern District of Arkansas.[6]

■ Since there is no claim that Logicon is a resident of Illinois, the amenability of Logicon to service of process is governed by the Illinois long-arm statute, Ill.Rev.Stat., Ch. 110 § 17 (1977). A defendant will become subject to Illinois long-arm jurisdiction if it has transacted business within the state. In order to meet this test, it must be shown that a defendant has sufficient minimal contacts with the state in order to satisfy due process, *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and that it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

■ Logicon, an Arkansas corporation with its principal place of business in Little Rock, Arkansas, does not sell or transport oil within Illinois; nor does it maintain a place of business, bank deposit, telephone, or telephone listing in Illinois.[7] The insurance contract was solicited in Arkansas by Powell, not Logicon, and the place of acceptance and performance also was Arkansas.[8] In fact, the only contact Logicon had with Illinois consisted of calls and mailings to Powell regarding the insurance policies.[9] Illinois law holds that while a telephone call together with additional factors will provide the sufficient minimal contacts for personal jurisdiction, a telephone call standing alone will not.[10] However, Royal Globe re-

5. Reif Affidavit, ¶¶ 5, 6.

6. Rule 12(b) states in pertinent part: "A motion making any of these defenses [lack of jurisdiction over the person] shall be made before pleading if a further pleading is permitted." Royal Globe argues that since Logicon answered the complaint before filing this motion to dismiss, the literal language of the Fed. R.Civ.P. 12 suggests that the motion should be treated as one for summary judgment. However, it is clear that Logicon did not waive the defense of lack of personal jurisdiction because it has been raised as an affirmative defense in the defense, and thus preserved. Fed.R.Civ.P. 12(h)(1). Moreover, motions to dismiss filed after a responsive pleading has been filed should be permitted when the grounds for dismissal have been raised as an affirmative defense in the answer. *Sorin v. Board of Education of the City School District of Warrensville Heights*, 464 F.Supp. 50, 51 (N.D.Ohio 1978);

*Jennings Oil Co. v. Mobil Oil Corporation*, 80 F.R.D. 124, 127 n.4 (S.D.N.Y.1978); 2A Moore's Federal Practice, ¶ 12.05, at 2244–2245; Wright and Miller, 5 Federal Practice and Procedure § 1361, at 642–643. This is particularly true when, as in the instant case, the motion has been filed soon after the answer. *Majerus v. Walk*, 275 F.Supp. 952 (D.Minn.1967). For the convenience of the parties and in the interest of judicial economy, the issue of personal jurisdiction will be decided as a threshold question.

7. Orville C. Cook Affidavit, ¶¶ 2, 3, 6, and 7.

8. Wagner Affidavit, ¶ 3.

9. Reif Affidavit, ¶ 5.

10. In *Cook Associates, Inc. v. Colonial Broach & Machine Co.*, 14 Ill.App.3d 965, 304 N.E.2d 27 (1973), the court found that a single phone

lies on an agency relationship between Powell and Logicon to provide an additional basis for asserting personal jurisdiction. This reliance is misplaced since it is clear that the only agency relationship that exists is between Powell and Royal Globe.[11] Powell never served as an agent for Logicon and, therefore, could not bind Logicon to an insurance contract.[12] Given these facts, the Court finds that Logicon does not have sufficient minimal contacts with Illinois to allow this Court to assert in personam jurisdiction.

For the foregoing reasons, Logicon's motion to dismiss for lack of personal jurisdiction is granted. It is so ordered.

call involving a contract was a sufficient basis for long-arm jurisdiction, since *additionally* the defendant initiated the business transaction and the contract was to be performed in Illinois by an Illinois agency. Similarly, in *Colony Press, Inc. v. Fleeman,* 17 Ill.App.3d 14, 308 N.E.2d 78 (1974), the defendant's only contact with Illinois was through submission of a purchasing order. However, the contact, *combined with the additional facts* that the defendant initiated the transaction and the contract was to be performed in Illinois, was enough to allow the Court to assert jurisdiction. In the instant cause additional factors such as those present in Cook Associates and Colony Press are absent.

11. In his affidavit, William Reif, Vice-President of Powell, stated: "William Powell and Company has been the authorized agent of Royal Globe under a written Agency-Company agreement since July 1, 1975." Affidavit, ¶ 7.

12. The policies submitted by Powell to Logicon were not binding until Logicon accepted them. Powell's only role with respect to Logicon was to serve as an intermediary and a broker, not as an agent. Reif has also testified that Powell's involvement with Logicon is limited to the policies involved in this litigation and that Powell does not serve as Logicon's shipping or corporate service agent. Reif Affidavit, ¶ 9. *See also* note 11, *supra.*