U. S. REDUCTION CO., a Delaware Corporation, Plaintiff,

v.

AMALGAMET, INC., a New York Corporation, and Preussag A. G. Metall, a West German Corporation, Defendants.

No. 82 C 1393.

United States District Court, N. D. Illinois, E. D.

Aug. 12, 1982.

Barry A. Erlich, Jeffrey Brown, Engerman, Erlich & Berman, Ltd., Chicago, Ill., for plaintiff.

Jack L. Block, Sachnoff, Weaver & Rubenstein, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff U. S. Reduction Co. ("Reduction"), a Delaware corporation with its principal place of business in Illinois, filed this diversity action against Preussag A. G. Metall ("Preussag"), a West German corporation, and its subsidiary Amalgamet, Inc. ("Amalgamet"), a New York corporation, seeking damages for defendants' alleged breach of a sale contract.[1] This action is now before the Court on defendants' motion to dismiss for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2), and alternatively, Preussag's motion to quash service, Fed.R. Civ.P. 12(b)(5). For the reasons set forth below, defendants' motion to dismiss for

1. Jurisdiction is based on 28 U.S.C. § 1332.

lack of personal jurisdiction will be granted.[2]

This lawsuit arises from a contract between Reduction and Amalgamet for the purchase of 800 tons of zinc die cast scrap skimmings from Reduction's plant in Alabama. Negotiations concerning the contract began when Mr. Robert Blum ("Blum") of Amalgamet telephoned Reduction's Illinois office from New York concerning the possible purchase of scrap metals. As a result of the conversation, Blum traveled to Reduction's Alabama plant to inspect zinc skimmings. Upon his return to New York, Blum again telephoned Reduction in Illinois. Blum offered to purchase the entire quantity of zinc skimmings which he had inspected in Alabama. This offer was accepted by Reduction during the telephone conversation. Thereafter, Reduction mailed a sales contract to Amalgamet's New York office. Amalgamet then mailed its purchase contract from New York to Reduction in Illinois. The zinc skimmings were shipped from Reduction's Alabama plant to Amalgamet in Louisiana. Reduction has brought this action to recover from the defendants the unpaid balance on this sale.

■ When federal jurisdiction is based upon diversity of citizenship, in personam jurisdiction is determined in accordance with the law of the forum state. *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1175 (7th Cir. 1971); *Bodine's Inc. v. Sunny-O, Inc.*, 494 F.Supp. 1279, 1281 (N.D. Ill.1980). In the instant case, the Illinois Long-Arm Statute establishes the guidelines for determining whether personal jurisdiction exists. Ill.Rev.Stat. ch. 110, § 17(1)(a), (b). That statute provides, in pertinent part:

Any person, whether or not a citizen or resident of the State, who in person or through an agent does any of the acts hereinafter enumerated thereby submits such person ... to the jurisdiction of the Court of this State as to any cause of

action arising from the doing of any such acts:

(a) The transaction of any business in this State. . . .

■ Until recently it was assumed that the Illinois legislature enacted its long-arm statute with the intention of providing a means of asserting jurisdiction over nonresidents to the extent permitted by due process. *Braband v. Beech Aircraft Corp.*, 72 Ill.2d 548, 557, 21 Ill.Dec. 888, 892, 382 N.E.2d 252, 256 (1978), *cert. denied*, 442 U.S. 928, 99 S.Ct. 2857, 61 L.Ed.2d 296 (1979); *Nelson v. Miller*, 11 Ill.2d 378, 143 N.E.2d 673, 679 (1957); *Ragold, Inc. v. Ferrero, U.S.A., Inc.*, 506 F.Supp. 117 (N.D.Ill.1980). Last year, however, the Illinois Supreme Court held that its interpretation of the state's long-arm statute is not to be equated with changing federal standards of due process. *Cook Associates, Inc. v. Lexington United Corp.*, 87 Ill.2d 190, 57 Ill.Dec. 730, 429 N.E.2d 847 (1981); *Green v. Advanced Ross Electronics Corp.*, 86 Ill.2d 431, 436–37, 56 Ill.Dec. 657, 660, 427 N.E.2d 1203, 1206 (1981). After *Cook* and *Green*, it is clear that even if the proposed exercise of personal jurisdiction meets federal constitutional requirements of due process, it may not be authorized under the stricter Illinois statutory requirement. *State Security Insurance Co. v. Frank B. Hall & Co.*, 530 F.Supp. 94 (N.D.Ill.1981).

Neither Amalgamet nor Preussag has an office, employee or representative in Illinois. Neither defendant is registered in Illinois nor has done business in Illinois prior to the events which have led to the instant litigation. No representative of Amalgamet traveled to Illinois to negotiate the contract. All communications to Reduction by Amalgamet were made from outside of Illinois. Inspection of the subject matter of the contract as well as plaintiff's performance under the contract took place in Alabama.

■ Reduction nevertheless alleges that defendants transacted business in Illinois

---

**2.** Our disposition of defendants' motion to dismiss obviates the need to consider Preussag's alternative motion to quash service.

within the meaning of Ill.Rev.Stat. ch. 110, § 17(1)(a), when Amalgamet entered into a contract with Reduction, knowing that the contract would be performed outside Illinois. Reduction asserts that these two facts—Amalgamet's mailing of the purchase contract from New York to Reduction in Illinois and the unsolicited telephone communications by Amalgamet from New York to Reduction in Illinois—are sufficient to satisfy the minimum contacts required to confer in personam jurisdiction.[3] Neither of these contacts, however, satisfy the requirements of the Illinois Long-Arm Statute.

■ Mailing a purchase contract to Reduction's Illinois office is insufficient to establish personal jurisdiction over Amalgamet. Formalities of contract execution, including the mailing of the contract at issue, are not determinative for purposes of jurisdiction. *See Peebles v. Murray*, 411 F.Supp. 1174, 1179 (D.Kan.1976) (mailing of contract forms does not equate transaction of business; Kansas Long-Arm Statute patterned after Illinois statute. *Cf. Lakeside Bridge and Steel v. Mountain State Const.*, 597 F.2d 596, 604 (7th Cir. 1979). Under these circumstances, the Court is unable to conclude that defendants invoked the benefits and protections of Illinois law by engaging in this contract with Amalgamet.

Plaintiff argues further that Blum's various telephone calls into the state satisfies the Illinois minimum contacts test. *Cook Associates, Inc. v. Colonial Broach and Machine Co.*, 14 Ill.App.3d 965, 304 N.E.2d 27 (1973); *Colony Press, Inc. v. Fleeman*, 17 Ill.App.3d 14, 308 N.E.2d 78 (1974). Each of the cases cited by plaintiff in support of this proposition, however, was decided under an interpretation of the Illinois Long-Arm Statute that extended jurisdiction to the limits of the fourteenth amendment due process clause—a standard no longer applicable since *Cook v. Lexington, supra.* Moreover, as the Court noted in *Royal Globe Ins. Co. v. Logicon*, 487 F.Supp. 1245

n.10 (N.D.Ill.1980), each of those cases involved more than simply the initiation of contact with an Illinois plaintiff by the defendant. *See also Artoe v. Mann*, 36 Ill.App.3d 204, 207, 343 N.E.2d 647 (1st Dist. 1976). For example, in *Cook v. Colonial, supra,* the court found that defendant's phone call into Illinois was sufficient to establish personal jurisdiction when the contract itself was to be performed in Illinois. Similarly, in *Colony Press, supra,* although the court found a sufficient basis to exercise personal jurisdiction over a defendant which initiated contractual negotiations and submitted a purchase order with an Illinois plaintiff, performance of the contract took place in Illinois. In the case at bar, however, performance of the contract took place in Alabama. In light of the mandate of the Illinois Supreme Court in the *Cook* and *Green* cases, the Illinois Long-Arm Statute, and the fact that the contract was to be performed outside of Illinois, the Court concludes that defendants' activities are not sufficient to meet the transaction of business requirement of the Illinois Long-Arm Statute.

For the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction is granted. It is so ordered.

---

3. Reduction's allegation that defendants' initiation of the contract by telephone meets the federal minimum contacts requirement of due process is inapposite. Even if the initiation of the contract could meet the federal minimum contacts test, it fails to meet the stricter transaction of business standard required by 17(1)(a) of the Illinois Long-Arm Statute.