LIBERTY LEASING CO., INC.,
Plaintiff,

v.

MILKY WAY STORES, INC., et al.,
Defendants.

No. 72 C 2505.

United States District Court,
N. D. Illinois, E. D.

Jan. 10, 1973.

Howard D. Hollander, Chicago, Ill., for plaintiff.

Winston & Strawn, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

Plaintiff, a Delaware corporation with its principal place of business in Illinois, has brought this action against Milky Way Stores, Inc. ("Milky Way"), a Utah corporation with its principal place of business in that state, for collection of a balance due and owing on a lease agreement between plaintiff and Milky Way which the latter is alleged to have breached. Also named as defendants are Robert L. Muirbrook, a citizen of Utah, and Hi-Land Securities Corp., Inc. ("Hi-Land") a Utah corporation with its principal place of business in that state, as separate guarantors of this lease agreement. Hi-Land alone has responded to this complaint and has filed a motion under Rule 12(b)(2), Fed.R.Civ.P., to dismiss the complaint against it for lack of personal jurisdiction. The motion to dismiss will be granted.

In accordance with Rule 4(d)(7), Fed.R.Civ.P., which allows service of process in the manner prescribed by the law of the state in which the Court sits, Hi-Land was served pursuant to the Illinois long-arm statute, Ill.Rev.Stat. ch. 110 §§ 16 and 17. The applicable operative portion of that statute provides in pertinent part:

Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated,

thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of such acts:

(a) The transaction of any business within this State;

. . . Ill.Rev.Stat. ch. 110, § 17(1)(a).

This section has been interpreted to expand personal jurisdiction to the limits permitted by the due process clause of the United States Constitution. *See*, Nelson v. Miller, 11 Ill.2d 378, 389, 143 N.E.2d 673, 679 (1957). The Supreme Court in its most definitive enunciation of the limits to a state's personal jurisdiction imposed by due process has held that a state may exercise jurisdiction over a defendant who is not present in the forum only if "he have certain minimum contacts with it [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). *See also*, Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S. Ct. 199, 2 L.Ed.2d 223 (1957).

The only issue in the instant case is whether it will offend traditional notions of fair play and substantial justice to hold Hi-Land amenable to suit in this jurisdiction. Hi-Land is not qualified to do business in Illinois; it does not maintain any office, branch, plant, or telephone listing in Illinois; it has no employee or agent in Illinois, nor has it sent an employee or agent into Illinois; it does not own any real or personal property in Illinois; and it has not so-licited or conducted any business in Illinois. The only contact it has had with Illinois is to have been guarantor on a lease agreement executed in Utah between a Utah company and an Illinois leasing company. The performance of this leasing agreement was to be in Utah, and the lease was to be governed by Utah law.

Plaintiff has cited no case which would support a finding of personal jurisdiction over such a guarantor as Hi-Land. In a recent case, the Seventh Circuit held that thirteen non-resident guarantors were amenable to suit by virtue of the Illinois long-arm statute. *See*, O'Hare International Bank v. Hampton, 437 F.2d 1173 (7 Cir. 1971). However, the contacts which the defendants had with Illinois in that case were substantially more significant than the contacts of Hi-Land in the instant case. In *O'Hare*, negotiations for the lease were commenced by one of the defendants by telephoning the plaintiff's office in Illinois. In addition, subsequent discussions concerning the lease took place in Illinois. Finally, the lease provided that the lease should be construed according to the law of Illinois.

No case has been brought to our attention, nor has our independent research uncovered any case, which goes farther than *O'Hare* in support of jurisdiction over non-resident contract guarantors. We must conclude, therefore, that due to the total lack of contacts which Hi-Land has had with Illinois to hold it amenable to suit in Illinois would violate due process. Consequently, Hi-Land's motion to dismiss for lack of personal jurisdiction must be granted.

An order will enter dismissing defendant Hi-Land Securities Corp. without prejudice and without costs.