**HARLEY–DAVIDSON, INC., Plaintiff,**

v.

**William QUATTROCCHI, as Executor of the Estate of Alli Quattrocchi, Defendant.**

No. 95–C–748.

United States District Court, E.D. Wisconsin.

Oct. 30, 1995.

Kathleen Donius, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, WI, Christine L. Thierfelder, Thierfelder Law Office, Milwaukee, WI, for plaintiff.

Michael Dunn, Quarles & Brady, Milwaukee, WI, for defendant.

## OPINION AND ORDER

CURRAN, District Judge.

On July 19, 1995, Harley–Davidson, Inc. (Harley) commenced this action for declaratory judgment, seeking a declaration that it has satisfied and not breached its obligation under a Termination, Settlement and Release Agreement executed by Harley and Alli Quattrocchi in August 1989. Harley is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. The Defendant, William Quattrocchi, is a resident of North Providence, Rhode Island and the executor of the estate of Alli Quattrocchi. It is alleged in the complaint that William Quattrocchi, acting pursuant to a power of attorney for his father Alli, advised Harley that he wished to terminate the dealer contract between Harley and Alli, doing business as Quatro Motorcycle Company, and to liquidate the assets of the dealership. The agreement was executed by the parties in August 1989, by the terms of which the parties agreed that the franchise and dealer contract would be terminated "effective as of September 30, 1989, or when Dealer sells or otherwise disposes of the principal operating assets of his H–D motorcycle dealership business, whichever occurs first." The agreement further provided that the dealer would immediately begin using his best efforts to sell or liquidate or otherwise transfer the property and assets of the business and that "[n]o such sale or transfer shall occur without H–D's prior written consent, which shall not be unreasonably withheld."

It is further alleged in the complaint that Quattrocchi failed to sell his dealership assets by September 30, 1989, and that William, acting as executor of his father's estate, was contending that in 1989 Quattrocchi presented Harley with a ready, willing and able buyer for the dealership assets but that Harley refused unreasonably to approve the sale, thereby breaching the agreement. William had thus threatened to bring legal action against Harley for damages caused by the breach.

The Defendant has moved to dismiss the action on three grounds: first, that this court lacks personal jurisdiction over William; second, that the action is inappropriate for de-

claratory relief; and third, that venue does not properly lie in this district.

### Personal Jurisdiction

 Under Federal Rule of Civil Procedure 4(e), a federal court in a diversity case determines whether it has personal jurisdiction over the Defendant by looking to the long-arm statute of the state in which it sits. *Omni Capital International v. Rudolf Wolff & Co.*, 484 U.S. 97, 105, 108 S.Ct. 404, 410, 98 L.Ed.2d 415 (1987). The Plaintiff has the burden of establishing a prima facie case of personal jurisdiction. The allegations of the complaint and exhibits must be taken as true unless controverted by the Defendant's affidavits or exhibits, although conflicts among the material submitted by each party must be resolved in favor of the Plaintiff. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987), citing *O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir.1971).

 Harley agrees with William that personal jurisdiction over the personal representative of an estate is governed by Wis.Stat. Section 801.05(12), which provides as follows:

**801.05. Personal Jurisdiction, grounds for generally**

A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

(12) PERSONAL REPRESENTATIVE. In any action against a personal representative to enforce a claim against the deceased person represented where one or more of the grounds stated in subs. (2) to (11) would have furnished a basis for jurisdiction over the deceased had the deceased been living and it is immaterial under this subsection whether the action had been commenced during the lifetime of the deceased.

Harley argues that the subsections of the Wisconsin long-arm statute which apply to this case are sections 801.05(5)(b) and 801.05(5)(d). These subsections provide as follows:

**(5) Local services, goods or contracts.** In any action which:

(b) Arises out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant; or

(d) Relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction;

On or about June 6, 1995, William Quattrocchi, as executor of the estate of Alli Quattrocchi, filed a complaint in the Superior Court of the State of Rhode Island against Precision Harley–Davidson, Inc. Although the Defendant is referred to as Precision Harley–Davidson, Inc., it is quite clear that this was a misnomer and that the intended defendant was in fact Harley–Davidson, Inc. The Defendant is identified as a corporation organized and existing under the laws of the State of Wisconsin and throughout the body of the complaint the Defendant is referred to as Harley or Harley–Davidson.

It is alleged in the Rhode Island complaint that from approximately 1948, continuing through August 1989, Alli Quattrocchi operated a sole proprietorship known as Quatro Motorcycle Company in Pawtucket, Rhode Island. During this period of time, Quatro was the exclusive authorized Harley–Davidson motorcycle dealership in the State of Rhode Island. After Alli Quattrocchi decided to terminate his Harley franchise, he found a buyer named Richard Pilavin who was allegedly ready, willing and able. Alli Quattrocchi proceeded to engage in negotiations until Harley informed William Quattrocchi that Pilavin was not a "suitable" buyer for the dealership. According to the complaint, due to Harley's failure to grant approval of Pilavin for the dealership, Mr. Quattrocchi was forced to liquidate the assets of the business rather than sell them as an on-going dealership. It is further alleged in the complaint that shortly after Pilavin was rejected as a qualified purchaser of Quatro, Harley awarded Mr. Pilavin a Harley franchise and dealership known as Precision Harley–Davidson in Pawtucket, Rhode Island.

It is Harley's contention that since the controversy rises out of Harley's performance concerning services involved in the attempted sale of the dealership, personal jurisdiction exists as to William because of subsection (b) providing for "services actually performed for the Defendant by the Plaintiff within this state if such performance within this state was authorized or ratified by the Defendant." Even under the most liberal construction in favor of exercising jurisdiction, *Lincoln v. Seawright*, 104 Wis.2d 4, 9, 310 N.W.2d 596 (1981), this court cannot recognize personal jurisdiction under the facts as set forth in this complaint and the state court action in Rhode Island. The affidavit of William Quattrocchi indicates that from late 1988 through July 1989, both he and his father presented Mr. Pilavin as an interested and qualified buyer to the district manager for Harley, Joseph Marcolina. Marcolina consistently indicated that Mr. Pilavin was not an acceptable buyer because he had an "after market" motorcycle business in Farmingham, Massachusetts. Subsequent to these rejections, Alli Quattrocchi entered into the Termination, Settlement and Release Agreement with Harley. According to William, the agreement was signed in Rhode Island and all negotiations in connection with the agreement were conducted in Rhode Island. The court is similarly persuaded that subsection (d) has no relevance to this case. The gravamen of the dispute does not concern "goods, documents of title or other things of value shipped from this state by the Plaintiff to the Defendant. . . ."

■ Even if these sections could be construed as conferring personal jurisdiction upon the court, the court would still have to decide whether the exercise of personal jurisdiction over the Defendant would be consistent with the requirements of federal due process so as not to offend "traditional notions of fair play and substantial justice." *International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The due process analysis begins with the query as to whether the Defendant "purposefully established minimum contacts" with the forum state which would create a "substantial connection" to that forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 474–75, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985). These "minimum contacts" should be purposeful conduct invoking the benefits of the forum state such that the Defendant should "reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Harley has failed to establish that Alli Quattrocchi had the requisite minimum contacts with Wisconsin in order to comport with due process. The affidavit of Kristien Hinrichs establishes at a maximum that Harley executed contract documents in Wisconsin and maintained the order and shipment program in Milwaukee which controlled the manufacture and shipment of product to the dealers. The affidavit of William Quattrocchi indicates that the last time either William or his father traveled to Wisconsin occurred in the late 1960's. Furthermore, all of the transactions relating to the termination agreement were conducted in Rhode Island. These contacts are insufficient for a finding that Alli Quattrocchi purposely availed himself of the privilege of conducting activities within Wisconsin so that he should reasonably have anticipated being haled into court here to defend against an action by Harley–Davidson seeking a declaration that Harley–Davidson did not breach their contract.

### *Declaratory Judgment*

■ Even if this court had found that it could constitutionally have asserted jurisdiction over the Defendant, I would not have exercised my discretion in permitting this suit to be maintained under 28 U.S.C. § 2201(a). Federal jurisdiction under section 2201 is discretionary and, where a pending action on the merits will resolve all issues before the court, a duplicate declaratory judgment action filed after the action on the merits serves no useful purpose and is properly dismissed. *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 748–50 (7th Cir.1987). Harley's action before this court is exactly the type of preemptive strike criticized by the court in *Tempco*. "[A] suit for declaratory judgment aimed solely at wresting the choice of forum

from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way." *Allendale Mutual Insurance v. Bull Data Systems,* 10 F.3d 425, 431 (7th Cir.1993), citing *Tempco* at 749–50.

Finally, even if the court were to find that it had personal jurisdiction over the Defendant and further find that the declaratory judgment suit should proceed, I would agree with the Defendant that Wisconsin is not the proper venue for the action. None of the events or omissions alleged in either the declaratory judgment action or the Rhode Island action occurred in Wisconsin. Venue properly lies in Rhode Island. Accordingly,

IT IS ORDERED that the Defendant's motion to dismiss be and hereby IS GRANTED. The Clerk of Court is directed to enter final judgment as a separate document dismissing the complaint and terminating the action.

Done and Ordered.