NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0565n.06
Filed: September 17, 2008

No. 07-6127

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Jimmie Smith; Georgianna Smith, | ) | |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Home Depot USA, Inc., | ) | |
| | ) | |
| Defendant-Appellant. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| | ) | |

Before:        KEITH, GRIFFIN, and GIBSON,[*] Circuit Judges.

DAMON J. KEITH, Circuit Judge.  Plaintiff Jimmie Smith's lower left leg was amputated as a result of injuries sustained while using a Krause Multimatic Ladder purchased at a Home Depot store in Tennessee.  In the resulting product liability action, Defendant Home Depot USA, Inc. ("Home Depot") appeals the district court's grant of partial summary judgment in favor of Plaintiffs Jimmie and Georgianna Smith ("Plaintiffs").  Home Depot argues on appeal that the district court erred in finding that the present suit may be maintained against Home Depot, the seller, where, Home Depot claims, the district court has jurisdiction over the product's manufacturer, Krause Werk GmbH and Company ("Krause-Werk").  For the following reasons, we **AFFIRM**.

_____

[*]The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

I.

The ladder in question, the Krause Multimatic Ladder, was manufactured by Krause, Inc. and sold by Home Depot in Memphis, Tennessee. On June 18, 2003, Jimmie Smith was severely injured when a Krause Multimatic Ladder he was using collapsed. Plaintiffs allege that the accident was caused by defective hinges and a defective hinge lock release bar. They filed the present action against Home Depot on June 17, 2004.

Krause-Werk, a German limited liability company, designed the ladder, and is a producer and seller of ladder and scaffolding products. Its principal place of business is in Alsfield, Germany, and it maintains no physical contact with Tennessee. Krause-Werk designed the component ladder parts of the Krause Multimatic Ladder in accordance with U.S. standards and obtained an Underwriters Laboratories listing for the parts. In addition, Krause-Werk obtained U.S. patents for the designs and created the applicable trademarks for those ladders.

In 1987, Krause-Werk decided to discontinue its relationship with its U.S. distributor, Demarco, and create its own U.S. manufacturing and distribution company, Krause Inc. Krause, Inc. was a wholly-owned subsidiary of Krause-Werk, and was located in Roscoe, Illinois. Krause-Werk provided both the start-up capital and the manufacturing equipment to Krause, Inc. Additionally, Krause-Werk employees worked with Krause, Inc. to maintain compliance with U.S. standards. At least two Krause-Werk employees later became employees of Krause, Inc. Guenther Krause was the president of both companies and received reports on their respective operations.

Krause, Inc. manufactured and sold ladders pursuant to an Intangible Property License Agreement ("License Agreement") with Krause-Werk. The License Agreement gave an exclusive

license to Krause, Inc. to manufacture and sell ladders in North and South America. Additionally, the License Agreement provided that Krause-Werk would receive royalties from Krause, Inc. based on the number of hinges or hinge components sold in the United States. (J.A. 206, 284-85.) Any improvements developed by Krause, Inc. were to be granted to Krause-Werk, royalty-free. During his deposition, Guenther Krause, the president of both companies, stated that he was aware that the ladders were being sold in states outside of Illinois and that Home Depot, its biggest customer, sold its ladders nationally. Krause, Inc. is now bankrupt and has been judicially declared insolvent.

After the parties conducted discovery as to whether the district court has jurisdiction over Krause-Werk, the district court granted Plaintiffs' motion for partial summary judgment on the issue of whether the lawsuit may be maintained against Home Depot. The district court found that it did not have personal jurisdiction over Krause-Werk, and therefore that Plaintiffs could proceed with their lawsuit against Home Depot under Tennessee Annotated Code Section 29-28-106(b).

II.

This Court reviews a district court's grant of partial summary judgment *de novo*. *Campbell v. Potash Corp. of Saskatchewan, Inc.*, 238 F.3d 792, 797 (6th Cir. 2001). Summary judgment is appropriate only when a nonmoving party fails to make a showing establishing the existence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Challenges to a district court's exercise of personal jurisdiction are similarly reviewed *de novo*. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Payne v. Motorists' Mut. Ins. Co.*, 4 F.3d 452, 454 (6th Cir. 1993).

Plaintiffs maintain their product liability action against retailer Home Depot based on Tenn. Code Ann. § 29-28-106(b), which allows suits against retailers where the manufacturer is not subject to personal jurisdiction in the state of Tennessee. The applicable section reads:

> No "product liability action" . . . when based on the doctrine of strict liability in tort, shall be commenced or maintained against any seller of a product which is alleged to contain or possess a defective condition unreasonably dangerous to the buyer, user or consumer unless the seller is also the manufacturer of the product or the manufacturer of the part thereof claimed to be defective or *unless the manufacturer of the product or part in question shall not be subject to service of process in the state of Tennessee or service cannot be secured by the long-arm statutes of Tennessee* or unless such manufacturer has been judicially declared insolvent.

Tenn. Code Ann. § 29-28-106(b) (emphasis added). Home Depot contends that Krause-Werk,[1] as a manufacturer, is subject to personal jurisdiction in Tennessee, and therefore no product liability action may be maintained against Home Depot.

In determining whether a strict liability action may be brought against a retailer under Tenn. Code Ann. § 29-28-106(b), the party asserting jurisdiction bears the burden of proving that the manufacturer is subject to personal jurisdiction in Tennessee. *See Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980) ("The burden of proof rests upon the party asserting existence of jurisdiction.") (quoting *O'Hare Int'l Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir. 1971)). However, "if the district court determines . . . the issue solely on the basis of written materials, the [party asserting jurisdiction] should be required only to make a prima facie case of jurisdiction." *Id.*; *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 478 (6th Cir. 2003) (finding that because

---

[1]Under Tennessee law, Krause-Werk, in addition to Krause, Inc., is a "manufacturer" because the term includes the designer of a product, Tenn. Code Ann. § 29-28-106(4), and Krause-Werk designed the allegedly defect parts in question.

"[t]he district court did not conduct an evidentiary hearing, . . . we therefore review the pleadings and other documentary evidence in the light most favorable to" the party denying jurisdiction).

Here, even though Home Depot, as the party asserting jurisdiction, bears the burden of proving that Krause-Werk is subject to personal jurisdiction in Tennessee, Home Depot need only present a prima facie case of jurisdiction because the district court determined the issue without holding an evidentiary hearing. Even so, given the evidence presented to this Court, Home Depot has not succeeded in asserting a prima facie case that Krause-Werk is subject to personal jurisdiction in Tennessee.

## II.

Home Depot first argues that, pursuant to Tenn. Code Ann. § 29-28-106(b), Plaintiffs were required to attempt service on Krause-Werk as a prerequisite to filing suit against Home Depot. There is no support for this contention in the language of the statute itself, in its legislative history, or under Tennessee case law. To adopt Home Depot's contention would, in effect, require this Court to read language into the statute that does not exist. We decline to do so.

## III.

Home Depot's primary argument focuses on Tennessee's jurisdiction over Krause-Werk. In determining whether personal jurisdiction may be had over Krause-Werk, this Court applies the law of Tennessee. *Tobin v. Astra Pharmaceutical Prods. Inc.*, 993 F.2d 528, 542 (6th Cir. 1993) (applying the law of the forum state to determine whether personal jurisdiction existed in a diversity action). "Tennessee's long-arm statute has been interpreted to be 'coterminous with the limits on personal jurisdiction imposed' by the Due Process Clause of the United States Constitution, and thus,

'the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical.'" *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005) (quoting *Payne*, 4 F.3d at 455). Thus, under Tennessee state law, this Court must employ federal constitutional due process analysis to determine whether there is personal jurisdiction over Krause-Werk.

"[D]ue process requires [] that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278). This Court conducts a three-part test to determine whether personal jurisdiction is proper, asking: (1) whether the defendant *personally availed* himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) whether the cause of action *arose from* the defendant's activities there; and (3) whether the acts of the defendant or consequence caused by the defendant had a substantial enough connection with the forum state to make exercise of jurisdiction over the defendant *reasonable*. *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *Bridgeport Music*, 327 F.3d at 477-78.

With respect to whether a party's activities rise to the level of purposeful availment, this Court has adopted the "stream of commerce plus" theory set forth in *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 111-13, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). *See Bridgeport Music*, 327 F.3d at 479-80 ("[W]e make clear today our preference for Justice O'Connor's stream of commerce 'plus' approach . . ."). In Justice O'Connor's plurality opinion, she posited that "[t]he

placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi*, 480 U.S. at 112.

Here, Home Depot claims that Krause-Werk satisfies the purposeful availment requirement because: (1) it formed a nationwide licensing and distribution agreement for the sale of its products in "North and South America" with the knowledge that its products would likely be marketed and sold in the United States, including Tennessee; (2) it designed the ladder according to U.S. standards and sought U.S. patents for those designs; and (3) it profited from the sales of its ladders in Tennessee.

On consideration of the full set of facts before us, however, it is apparent that Krause-Werk never purposefully availed itself to personal jurisdiction in Tennessee. First, Krause-Werk had no physical contact with the state of Tennessee. Krause-Werk and Krause, Inc. were in fact two separate companies. Although the licensing agreement gave Krause, Inc. "the right to use the Trademarks in connection with the sale, marketing or promotion of Products within the Territory," which was defined as "North and South America," (J.A. 153), there was nothing in the Licensing Agreement that *required* Krause, Inc. to market the ladders in Tennessee specifically. *See Bridgeport Music*, 327 F.3d at 484 n.11 (finding that licensing agreements must actually require a distributor to market, distribute, or license the product nationally in order for the manufacturer to have 'purposely availed' itself of personal jurisdiction). The *permission* to sell its products in the wide expanse of North and South America is a far cry from a *requirement* to sell in Tennessee. Krause-Werk surely placed the product in the 'stream of commerce,' but there is nothing more here to show that Krause-Werk purposefully directed the ladders toward the forum state of Tennessee.

Thus, the contacts between Krause-Werk and Tennessee are "too random, fortuitous, and attenuated for a finding of purposeful availment." *Bridgeport Music*, 327 F.3d at 484, 481.

Because Krause-Werk merely designed the ladders and gave permission to Krause, Inc. to sell its products in North and South America, Krause-Werk never purposefully availed itself of personal jurisdiction in Tennessee.

IV.

For the foregoing reasons, we **AFFIRM** the decision of the district court granting partial summary judgment to Plaintiffs.